WALTER W. DOWNS *v.* NATIONAL CASUALTY COMPANY

BALDWIN, KING, MURPHY, MELLITZ and PHILLIPS, Js.

Argued April 14—decided June 5, 1959

*T. Holmes Bracken* and *Robert E. Mansfield,* for the appellant (plaintiff).

*William E. Glynn,* for the appellee (defendant).

MELLITZ, J. The plaintiff sustained injuries in an airplane accident when a privately owned airplane in which he was a passenger crashed while landing at a privately owned airstrip. He was insured at the time under an accident and health policy issued by the defendant. The trial court concluded on the facts that there was no liability under the policy, and the plaintiff has appealed.

The insuring clause of the policy provides "indemnity for loss of life, limb, sight or time resulting from accidental bodily injury which is the sole cause of loss and sustained while this policy is in force (hereinafter referred to as 'such injury') and for loss of time caused by sickness commencing while this policy is in force," subject to the provisions and limitations contained in the policy. The coverage

provided by the policy is limited by two clauses which, so far as they are pertinent, read as follows: "Part IV. Limited Air Travel Indemnity. If the Insured shall suffer loss by reason of 'such injury' sustained while riding as a fare paying passenger in a licensed passenger aircraft, provided by an incorporated passenger carrier, while operated by a licensed transport pilot, upon a regular passenger route, between definitely established airports, but not otherwise, the Company will pay indemnity provided for such loss. . . . Part VIII. Exclusions. This policy does not cover any loss resulting from: . . . (4) aerial navigation of any character except as provided under Part IV of the policy."

No evidence was taken in the trial court. The case was presented and decided upon a written stipulation of facts. Presumably, the stipulation recited the facts necessary for the court to rule upon the issue in dispute, as the parties conceived it. It negatived the existence of the conditions which, under Part IV, must be present to impose liability on the defendant. The plaintiff, concededly, was not "riding as a fare paying passenger in a licensed passenger aircraft, provided by an incorporated passenger carrier, while operated by a licensed transport pilot, upon a regular passenger route, between definitely established airports." The plaintiff contends that the only limitation upon the right of an insured to recover for injuries sustained in the course of air travel is contained in the exclusion in Part VIII and that the words "aerial navigation," found in that clause, mean the process of conducting an aircraft from place to place. He argues, therefore, that a passenger such as himself could not be excluded from recovery by the provisions of Part VIII because a passenger would have no part in operating

the aircraft, and a loss sustained by a passenger would not be a loss resulting from "aerial navigation," as these words are interpreted by the plaintiff. To reach this conclusion, he is obliged to ignore the provisions of Part IV, and he contends that Part IV serves only to specify one of the innumerable possible situations in which injury might arise, that this situation would be included in any event under the general insuring clause, and therefore that Part IV is superfluous and mere surplusage. After the trial, the defendant was permitted, by agreement of counsel, to file an amendment to its answer, pleading Part VIII as a special defense, to make the pleadings conform to the issue as it was presented to the court.

The plaintiff also claims that the exclusion in Part VIII of "any loss resulting from . . . aerial navigation of any character" means loss resulting from some act or omission of the pilot or other personnel of the aircraft in their operation of it, as distinguished from loss resulting from mechanical or structural failure or the action of the elements; that Part VIII exempts a loss which would otherwise fall within the insuring clause, and the burden of establishing that the loss fell within the exemption was therefore upon the defendant; that this burden required the defendant to establish that the cause of the accident was some act or omission of the aircraft personnel; and that since the stipulation of facts is silent in this regard and the defendant failed to prove the cause of the accident, the plaintiff is entitled to a recovery. In other words, the contention of the plaintiff is that the effect of Part VIII is to exclude only losses from errors in navigation, in the sense of operation of the aircraft by its personnel, and that the case hinges, therefore,

on proof of the cause of the accident, as to which the burden rests on the defendant. The varying contentions of the plaintiff reflect the ingenuity of counsel in seeking to read into the policy a meaning never contemplated rather than to accept the apparently clear intent of the parties expressed in the policy. The defendant's position is that the term "Air Travel" in the title of Part IV and the term "aerial navigation" in Part VIII are synonymous, and that under the clear terms of the policy the plaintiff was not insured for loss sustained in air travel unless he came within the provisions of Part IV.

The determinative question is the intent of the parties, that is, what coverage the plaintiff expected to receive and the defendant to provide, as disclosed by the provisions of the policy. A contract is to be construed according to what is fairly to be assumed to be the understanding and intent of the parties. *Bridge-Mile Shoe Corporation* v. *Liggett Drug Co.,* 142 Conn. 313, 318, 113 A.2d 863. Where, as here, the terms of an insurance policy are unambiguous, it is to be interpreted by the general rules governing the interpretation of any written contract, and enforced in accord with the real intent of the parties as so determined. If the terms of the policy are clear, their meaning cannot be forced or strained by an unwarranted construction to give them a meaning which the parties obviously never intended. *Lyon* v. *Aetna Casualty & Surety Co.,* 140 Conn. 304, 307, 99 A.2d 141; *London & Lancashire Indemnity Co.* v. *Duryea,* 143 Conn. 53, 58, 119 A.2d 325. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for dif-

ferent meanings. *Thomas* v. *Continental Casualty Co.,* 225 F.2d 798, 801; *Eddy* v. *Travelers Ins. Co.,* 212 F.2d 518, 519. A policy is to be taken as a whole, and all its relevant provisions considered in connection with each other. *Baydrop* v. *Second National Bank,* 120 Conn. 322, 327, 180 A. 469; *Finlay* v. *Swirsky,* 103 Conn. 624, 634, 131 A. 420. Every provision is to be given effect, if possible, and no word or clause eliminated as meaningless, or disregarded as inoperative, if any reasonable meaning consistent with the other parts of the policy can be given to it. *Sindelar* v. *Liberty Mutual Ins. Co.,* 161 F.2d 712, 716, cert. denied, 332 U.S. 773, 68 S. Ct. 89, 92 L. Ed. 358; *Lumbermens Mutual Casualty Co.* v. *Sutch,* 197 F.2d 79, 82; *Lineberry* v. *Security Life & Trust Co.,* 238 N.C. 264, 267, 77 S.E.2d 652; *American Health Ins. Corporation* v. *Newcomb,* 197 Va. 836, 842, 91 S.E.2d 447.

To interpret the policy as the plaintiff urges, it would be necessary to disregard completely the provisions of Part IV. It would seem to be too clear to admit of any question that Part IV was "inserted in order to make clear the intended scope of the coverage." *Wojcik* v. *Metropolitan Life Ins. Co.,* 124 Conn. 532, 535, 1 A.2d 131. It provides simply and clearly that indemnity for loss during air travel is limited to situations where six conditions are present: (1) a fare-paying passenger, (2) in a licensed passenger aircraft, (3) provided by an incorporated passenger carrier, (4) while operated by a licensed transport pilot, (5) upon a regular passenger route, (6) between definitely established airports. All six conditions are required to be present to impose liability upon the defendant to pay indemnity for a loss sustained in air travel. The coverage otherwise provided by the policy is thus expressly limited by

Part IV. It was incumbent upon the plaintiff to bring himself within the express terms of the policy. *Miller Bros. Construction Co.* v. *Maryland Casualty Co.,* 113 Conn. 504, 513, 155 A. 709. He failed to do so. No conclusion other than that reached by the trial court was warranted.

There is no error.

In this opinion the other judges concurred.