THE GENERAL CONSTRUCTION COMPANY *v.* THE AETNA CASUALTY AND SURETY COMPANY

KING, C. J., MURPHY, SHEA, ALCORN and HOUSE, Js.

Argued June 2—decided June 16, 1964

*Arthur Levy, Jr.,* with whom, on the brief, was *Irwin E. Friedman,* for the appellant (plaintiff).

*Frederick L. Comley,* for the appellee (defendant).

MURPHY, J. The plaintiff recovered a judgment against Richard Morris, an excavating contractor, for damage to a retaining wall on June 27, 1956, when it collapsed from the pressure of backfill which Morris had placed against it. At the time, Morris carried a manufacturers' and contractors' liability policy with the defendant. The plaintiff is subrogated to the rights of Morris under General Statutes § 38-175 and brought this action to recover on the policy. From a judgment for the defendant, the plaintiff has appealed.

The parties are in substantial agreement on the facts, and only a minor immaterial change in the finding is warranted. The policy is in two parts. Part 1 is the standard printed form, and part 2 is the declarations sheet. Each part has to be read in conjunction with the other in order to determine the coverage under the policy. *Leathermode Sportswear, Inc.* v. *Liberty Mutual Ins. Co.,* 150 Conn. 63, 66, 186 A.2d 79; *Downs* v. *National Casualty Co.,* 146 Conn. 490, 495, 152 A.2d 316.

Part 1, coverage B, insures against liability for property damage "caused by accident and arising out of the hazards hereinafter defined." Hazards under four different classifications or "divisions" are then defined. The definition under division 1 is "[t]he ownership, maintenance or use of premises, and all operations." Part 2 states: "The insurance afforded is only with respect to such and so many of the following coverages and divisions thereunder as are indicated by specific premium charge or charges shown below or in the attached General Liability Schedule." Under division 1 of part 2,

premium charges were made for operations listed in the "Description of Hazards" as "Excavation— for cellars or foundations of buildings, bridges or retaining walls including borrowing, filling or back-filling (excavation in connection with street or road construction or tunneling to be separately rated)." Part 2 also states: "Entries in the Description of Hazards, except as specifically provided elsewhere in this Policy, do not modify the exclusions or other terms of this Policy." The exclusions appear in part 1. They recite that "[t]his Policy does not apply: . . . under Coverage B [property damage], with respect to division 1 of the Definition of Hazards, to injury to or destruction of any property arising out of . . . the collapse of or structural injury to any building or structure due . . . to excavation, including borrowing, filling or back-filling in connection therewith." It is further provided that this exclusion does not apply to such operations as were stated in the declarations or in the company's manual as not being subject to the exclusion. There is, however, no provision in the declarations sheet of this policy or in the manual which would eliminate this exclusion. Therefore, the exclusion applies to the property damage suffered by the plaintiff as a result of Morris' operations. *D'Agostino Excavators, Inc.* v. *Globe Indemnity Co.,* 7 App. Div. 2d 483, 485, 184 N.Y.S.2d 378. The terms of the policy are not ambiguous. Given their natural and ordinary meaning, they express the intent of the parties. *Plunkett* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 203, 207, 187 A.2d 754, and cases cited. Furthermore, in the ascertainment of that intent, it seems significant that the policy contains several endorsements, covering blasting operations, for which additional premiums were charged. Blasting opera-

tions are excluded from coverage in the same paragraph of the policy as operations involving structural damage through backfilling. A proper endorsement would have been necessary to furnish coverage in this case.

There is no error.

In this opinion the other judges concurred.