## The A. M. Larson Company, Inc. *v.* Lawlor Insurance Agency, Inc., et al.

King, C. J., Murphy, Alcorn, Shannon and House, Js.

Argued April 6—decided May 17, 1966

*Robert B. Snow, Jr.,* with whom, on the brief, was *William J. Egan,* for the appellant (defendant American Guarantee and Liability Insurance Company).

*Walter M. Pickett, Jr.,* for the appellee (plaintiff).

KING, C. J. During the trial the plaintiff dropped the named defendant as a party, and judgment was rendered only against the defendant American Guarantee and Liability Insurance Company, hereinafter referred to as the insurer. In this appeal the insurer has raised a number of claims of error, one of which was that under the terms of a so-called "hoisting endorsement" there was no coverage of the loss forming the subject matter of this action.

The plaintiff, a trucking concern, procured from the insurer a policy of insurance commonly known as a motor truck cargo insurance policy. Basically, the policy covered the plaintiff's liability as a carrier, bailee or warehouseman for loss on shipments of general merchandise and household and office furniture while they were loaded for shipment and in transit on vehicles owned or operated by the plaintiff. The plaintiff also procured a "hoisting endorsement." The proper interpretation of the coverage provided by this endorsement, as applied to the facts of this case, forms the basic controversy in this appeal.

The plaintiff's claim of coverage is principally based on the italicized portion of the endorsement which is quoted as follows: "In consideration of the premium charged it is agreed that only with respect to hoisting or rigging operations of the assured this policy is extended to cover the assured's legal liability for loss or damage to insured property: (A) Directly caused by breaking or parting or failure of tackle and/or hoisting equipment while said property is being loaded on or unloaded from a transporting motor truck *or being moved in or*

*out of buildings* but it shall not be construed to cover damage caused by the failure of floors, walls, elevators, or other permanent parts and/or regular equipment of such buildings. (B) Directly caused by the perils listed in section 4 of the policy rider (Form SA1-46-J) while in transit on motor trucks owned and/or operated by the assured. It is further mutually agreed that each claim for said loss or damage to insured property involved in hoisting or rigging operations shall be adjusted separately and from the amount of each loss when determined, the sum of one hundred and no/100 dollars ($100.00) shall be deducted."

The plaintiff undertook to relocate an overhead traveling crane, consisting of a cab and two beams, all located inside of a building of American Anaconda Brass Company, hereinafter referred to as American, in Waterbury. Each beam weighed seven to eight tons, and the crane was eighty feet long. The plaintiff intended to lower the crane, rotate it 180 degrees, and hoist it back into position. The entire operation was intended to be, and was, carried on within the building belonging to American.

In the course of lowering the cab of the crane, the plaintiff's equipment failed, and the load came down with a crash, damaging not only the load but certain property in its path. The insurer, under a property damage policy which it had also issued, paid the loss arising from the damage to the property injured by the falling load. The present case is concerned solely with the insurer's liability for the damage to the cab of the crane itself, which was not being loaded on or unloaded from a transporting motor truck.

The plaintiff bases its claim of coverage largely

on the ground that at the time of the accident the damaged property was "being moved in or out of buildings." In so claiming, the plaintiff is forced to, and does, construe the quoted phrase as referring to a static place of operations, that is, inside of, or outside of, buildings. Such a construction is required if the plaintiff is to prevail, since admittedly the entire moving operation was intended to, and did, take place wholly within American's building. Nothing had been transported to or was being moved into or out of any building.

The insurer bases its denial of coverage on a number of grounds, the principal ground being that the quoted phrase refers to a path of movement, that is, that it might be accurately paraphrased as "being moved into or out of" buildings. The court held that "[a]ny doubt as to the existence of coverage must be resolved in favor of the assured" and that "[i]f controlling language will support two meanings, one favorable to the insurer and the other favorable to the insured, the interpretation sustaining coverage is to be applied." As an ultimate conclusion, the court held that the moving operation in which the load fell was within the coverage of the endorsement and, so, that the plaintiff was entitled to recover sums expended by it in payment for damage done to the load.

In this there was error. The plaintiff's claimed construction, as adopted by the court, renders the quoted phrase mere surplusage and inoperative in the contract of insurance. This is because any moving operation, not consisting of moving property into or out of a building, would necessarily have to be carried on either inside or outside of a building. It is settled law that "[e]very provision of the contract must be given effect if it can reason-

ably be done, because parties ordinarily do not insert meaningless provisions in their agreements." *Connecticut Co.* v. *Division 425,* 147 Conn. 608, 617, 164 A.2d 413, and cases cited. This rule applies as well to this insurance contract as to any other contract. "Every provision [of a contract of insurance] is to be given effect, if possible, and no word or clause eliminated as meaningless, or disregarded as inoperative, if any reasonable meaning consistent with the other parts of the policy can be given to it." *Downs* v. *National Casualty Co.,* 146 Conn. 490, 495, 152 A.2d 316. And an insurance contract does not become ambiguous or susceptible of multiple constructions "simply because lawyers or laymen contend for different meanings." Id., 494; see also *Leathermode Sportswear, Inc.* v. *Liberty Mutual Ins. Co.,* 150 Conn. 63, 67, 186 A.2d 79; *General Construction Co.* v. *Aetna Casualty & Surety Co.,* 151 Conn. 684, 685, 202 A.2d 146.

It is true that, where an insurance contract, because of ambiguous language, is open to two or more reasonable constructions, that construction which is more favorable to the assured should be adopted. *Scranton* v. *Hartford Fire Ins. Co.,* 141 Conn. 313, 315, 105 A.2d 780. But the rule has no application where, as in this case, the construction claimed by the assured renders the phrase relied upon meaningless and without operative effect. Such a construction obviously is an unreasonable one.

We conclude that the quoted phrase, as the insurer claims, refers to moving goods into or out of buildings. The fact that "in" was used instead of "into" may have been grammatically inelegant or even awkward. But it is not an uncommon use of the word "in" and is consistent with the phrase

"out of", which certainly is apt to express a path of movement. The word "in" properly expresses the intent of the parties as claimed by the insurer, and it is the expressed intent which controls. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 516, 123 A.2d 755.

We conclude that the accident in question, which occurred in the course of a hoisting operation conducted wholly within the building of American, did not fall within the coverage expressed in the quoted language of the endorsement, which, quite properly, was the only language on which the plaintiff relied in claiming coverage.

It thus becomes unnecessary to discuss the other grounds on which the defendant based its denial of coverage or the other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant American Guarantee and Liability Insurance Company.

In this opinion the other judges concurred.