**INVESTORS' INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Martin GRISKO, Interstate Fireworks Manufacturing and Display Company, Inc., Joseph Godin, City of Stamford, Salvatore Cerulli, Ralph H. Vivian and Cameron Hume, Jr., Defendants.**

Civ. No. 11568.

United States District Court
D. Connecticut.

Nov. 17, 1966.

Robert L. Trowbridge, of Bailey, Wechsler & Shea, Hartford, Conn., for plaintiff.

Michael P. Koskoff, of Koskoff & McGrath, Bridgeport, Conn., for defendant Martin Grisko.

John F. Clancy, of Clancey, Kenney, Flynn & Ford, Bridgeport, Conn., for defendant City of Stamford.

W. Patrick Ryan, of Ryan, Ryan & Ryan, Stamford, Conn., for defendants Salvatore Cerulli, Ralph H. Vivian and Cameron Hume, Jr.

TIMBERS, Chief Judge.

This is a diversity action in which plaintiff insurance company seeks a declaratory judgment establishing:

(1) that it is under no duty to appear or afford any defense on behalf of its policy holder, Interstate Fireworks Manufacturing and Display Company, Inc., in Civil No. 11492, Ann Holmberg as Guardian of Martin Grisko v. Interstate Fireworks Manufacturing and Display Company, Inc., et al., or on behalf of any of the other defendants named therein; and

(2) that it is under no duty to pay any judgment rendered in said action.

Defendant Martin Grisko has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiff insurer's basic contention is that the accident which gave rise to the bringing of Civil No. 11492 was excluded from coverage by the terms of its contract of liability insurance with the fireworks company; defendant avers in his motion that, under the controlling law of the State of Connecticut, such exclusions from coverage are forbidden as a matter of public policy, and that coverage for the accident in question therefore was extended by the liability insurance contract as a matter of law. This Court is of the opinion that defendant Grisko's motion for summary judgment should be granted.

FACTS

At some time prior to July 5, 1965, the Interstate Fireworks Manufacturing and Display Company, Inc., hereinafter called "Interstate", applied for and received permission from the State of Connecticut to conduct a fireworks display on July 5, 1965, at Cummings Park in Stamford, Connecticut. A statutory condition precedent to the granting of such permission is proof of financial responsibility to meet claims for damages for personal injuries to members of the public resulting from acts or omissions of the fireworks company or its employees.[1] Such proof of financial responsibility may be established by a liability insurance policy, evidenced by a certificate of insurance filed with and acceptable to the insurance commissioner, such policy to cover public liability arising out of the operation of the fireworks display.[2] Investors' Insurance Company of America, hereinafter called "Investors", on or about June 15, 1965, issued a liability

1. Conn.Gen.Stat. § 29–99 (1958).

2. Ibid.

policy to Interstate, purportedly in satisfaction of the statutory requirements.

The display contemplated by the State permit thus secured was conducted by Interstate on July 5, 1965, at Cummings Park in Stamford. A firework which had failed to explode was left behind on the display grounds. On July 7, 1965, a ten-year-old boy, Martin Grisko, found the abandoned "dud" on those grounds; it exploded in his hand, inflicting severe injuries.

On June 18, 1966, suit was commenced in this Court on behalf of Grisko, naming Interstate, the City of Stamford, one Joseph Godin, and certain employees of the city as defendants in a civil action seeking recovery for personal injuries allegedly caused by defendants' negligence.[3]

On August 17, 1966, Investors filed the instant action for a declaratory judgment.

## CLAIMS OF PARTIES

In its action for a declaratory judgment, Investors maintains that any accident occurring after the display, and caused by abandoned property, was specifically excluded from coverage by the terms of the policy issued to Interstate on June 15, 1965, as pertaining to a "completed operation".[4] In support of his motion for summary judgment, however, defendant Grisko essentially contends that any such attempted exclusion of coverage for liability is invalid, as being in contravention of the public policy of the State of Connecticut.[5]

## CONNECTICUT PUBLIC POLICY REFLECTED IN STATUTE

Connecticut legislation has conditioned the granting of a permit for any proposed public fireworks display upon compliance with certain specific requirements. Application for the State permit

must be made in writing;[6] bond is required;[7] and no permit will be issued to a non-resident unless the secretary of state is first appointed as the non-resident's attorney for the purpose of serving process.[8] These statutory provisions would in themselves indicate that the legislature has singled out fireworks displays for classification as unusual potential hazards to the public, and has contemplated not only preventive safety regulation, but also the assurance of resources sufficient for compensation for injuries resulting to members of the public from fireworks displays.

Indeed, this latter legislative intention is fully embodied and emphasized in the language of Section 29–99 (Conn.Gen. Stat. § 29–99), which provides:

"Before any person, firm or corporation or any agent or employee thereof may conduct a fireworks display, such person, firm or corporation shall furnish proof of financial responsibility to satisfy claims for damages which may be suffered by any person by reason of any act or omission on the part of such person, firm or corporation, or any agent or employee thereof, in such amount, character and form as the insurance commissioner determines to be necessary for the protection of the public. Such financial responsibility may be satisfied by a liability insurance policy evidenced by a certificate of insurance filed with and acceptable to the insurance commissioner. Such policy shall cover public liability arising out of the operation of the fireworks display, and the insurer issuing such policy shall agree in writing to deliver to the insurance commissioner not less than ten days' written notice of any cancellation of such insurance which is to become effective prior to the termination of the display."

3. Ann Holmberg as Guardian of Martin Grisko v. Interstate Fireworks Manufacturing and Display Company, Inc., et al., Civil No. 11492.

4. Copy of policy attached as Ex. A to plaintiff Investors' complaint.

5. Defendant Grisko's Memorandum in Support of the Motion for Summary Judgment, pp. 5–8.

6. Conn.Gen.Stat. § 29–97 (1958).

7. Conn.Gen.Stat. § 29–98 (1958).

8. Conn.Gen.Stat. § 29–100 (1958).

In necessary compliance with this specific statutory requirement, plaintiff Investors sought and received permission from the commissioner to assure Interstate's financial responsibility to satisfy claims for damages by means of the very liability policy which Investors now asserts was intended to exclude coverage for the serious personal injury claims alleged in the pending related negligence action.[9]

Investors relies upon Smedley Co. v. Employers Mutual Liability Ins. Co.[10] for the proposition that the exclusionary "completed operations" clause of the instant policy is here both applicable and valid, and by implication suggests that such clause does not contravene public policy of the State of Connecticut. But *Smedley* involved an ordinary products liability case, arising out of property damage only, and "(t)he injury took place long after the operations of Smedley had ended (over two months) and at a place away from its premises."[11] Here, Martin Grisko's accident took place on the display grounds themselves, and not more than 48 hours after the display. More basic to the disposition of the instant motion, however, is this Court's opinion that the provisions of Section 29–99, set forth above in full, render any recognition which may be read into *Smedley* of the validity in general of "completed operations" exclusions, totally inapplicable to the circumstances here presented. The strict requirements of Section 29–99 set fireworks displays apart as a unique hazard to members of the public, and seem to this Court unreservedly to demand liability coverage in full for personal injuries arising out of the operation of a fireworks display.[12]

What remains is that plaintiff Investors purported to satisfy the requirements of Connecticut law by the terms of the liability insurance policy issued to Interstate. Upon certification of financial responsibility by liability insurance coverage, the State permit was granted. Investors now wishes to avoid the very duty imposed by State law, in an accident situation impliedly contemplated by the legislature in enacting the statutory requirements said by plaintiff to be inapplicable because superseded by private agreement—an accident situation, moreover, expressly contemplated by the relevant regulations promulgated by the State of Connecticut's Department of Insurance.[13]

As a matter of public policy under controlling Connecticut law, therefore, plaintiff is barred from interposing its claim of exclusion of the accident in question from coverage as a "completed operation", and such exclusionary provision in the instant contract of insurance is void as a matter of law.

It is true that in motions for summary judgment predicated upon documentary exhibits, "the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party

---

9. Civil No. 11492.

10. 143 Conn. 510 (1956).

11. Supra note 10, at 517.

12. It is significant in this regard that the State Insurance Department regulations expressly require that the certificate of insurance, filed pursuant to Section 29–99, "must contain a statement that the insurance policy does not limit coverage as to time following the display." Plaintiff Investors contends in its Memorandum in Opposition to the Motion for Summary Judgment (p. 3) that defendant is seeking unlimited coverage for any accident at any time or place, however remote from the actual display, if the accident somehow can be "traced" to the display. This is a distortion of defendant's position, and cannot be implied from the Court's granting of the instant motion in any event, since a plaintiff in a negligence action must always establish causation; if Investors is here arguing remoteness of causation, its contention is premature and more appropriately may be raised by way of defense on the merits in the pending related negligence action.

13. Supra note 12, paragraph 1.

opposing the motion." [14] In the view this Court takes of the instant motion, however, no question of proper construction of the insurance policy is at issue;[15] for, having accepted for the purposes of this motion plaintiff's view that the provisions of the policy operated to exclude defendant Grisko's accident from coverage, this Court has concluded as a matter of law that the public policy of the State of Connecticut renders the attempted limitation of coverage by private agreement void and of no legal consequence.

## CONCLUSION

Defendant's motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is granted, there being no genuine issue as to any material fact in the case and defendant being entitled to judgment as a matter of law.

14. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also Gordon v. Vincent Youmans, Inc., 358 F.2d 261, 262 (2 Cir. 1965); 6 Moore, Federal Practice § 56.15(3) (2d ed. 1965).

15. In this connection, it should be noted that defendant Grisko has presented an argument based on "proper" construction of the terms of the policy in partial support of his motion. Defendant's Memorandum in Support of the Motion for Summary Judgment, pp. 3–5. Defendant contends that ambiguities in provisions of insurance policies under Connecticut law must be construed in favor of the insured, citing A. M. Larson Co. v. Lawlor Ins. Agency, Inc., 153 Conn. 618, 622 (1966), and Smedley Co. v. Employers Mutual Liability Ins. Co., supra at 513, and urges that coverage therefore was extended to the Grisko accident. But a material question of *fact* remains: namely, whether the exclusionary provision is *in fact ambiguous*. Defendant apparently maintains, as he must if his contention is to be relevant to the disposition of a Rule 56 motion, that the pertinent phrasing is ambiguous as a matter of law. It is the opinion of this Court, however, that a genuine and material dispute of fact would exist upon such an issue of construction, viewing the inferences to be drawn from the phrasing of the policy in the light most favorable to plaintiff. United States v. Diebold, Inc., supra; Gordon v. Vincent Youmans, Inc., supra. Indeed, plaintiff vigorously contests the point, and advances solid factual argument that the exclusionary effect of the language in question is "abundantly clear." Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment, pp. 1–3. Even if the Court were to "pierce the pleadings" and to assess the underlying proof, it would appear that this issue would be genuinely appropriate for disposition at trial. See Gordon v. Vincent Youmans, Inc., supra at 274 (dissenting opinion); Dressler v. MV Sandpiper, 331 F.2d 130, 132–133 (2 Cir. 1964). Defendant's motion for summary judgment therefore would have been denied if it had been grounded solely upon the argument going to proper construction of the terms of the policy. Since the Court's disposition of the motion rests upon considerations of public policy under Connecticut law, however, the question is moot.