GERTRUDE NEWMAN *v.* INSURANCE COMPANY OF NORTH AMERICA

CIRCUIT COURT                    SECOND CIRCUIT
                          FILE No. CV 2-6411-32478

Memorandum filed March 14, 1967

*Mellitz, Krentzman & Hall,* of Bridgeport, for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the defendant.

WISE, J. In this action the plaintiff seeks to recover for loss of wearing apparel, and other personal property, under a homeowners' policy issued to her sister.

The homeowners' policy issued by the defendant to Bertha Shwartz, sister of the plaintiff, was evidenced by policy number HP 1037 and was in full force and effect at the time of the loss. Mrs. Shwartz, the named insured, was the owner of, and resided in, a home in Norwalk. Her Norwalk residence was a permanent, and not a temporary, one; in fact, she had no other residence. The plaintiff's domicil and permanent residence was in Miami Beach, Florida. She came to Connecticut twice a year on a temporary visit, always with full intention of returning to Florida, and generally stayed at her sister's home.

On April 24, 1964, the plaintiff came to Connecticut for a two weeks' visit and went to her sister's home. On May 1, 1964, at approximately 8 p.m., the plaintiff, having already packed her valise, left her sister's home and was driven by her sister to the Budget Liquor Store in the Compo Shopping Center, Westport. This was the place where the plaintiff was to meet her son, whom she planned to visit, and he was to drive her from Westport to his home in New Haven. Upon leaving the insured's home, the valise, containing her belongings, was placed on the rear seat of the insured's car. After parking the car at the rear of the liquor store, the insured locked the doors and both women entered the store and remained until its closing at 9 p.m. Upon returning to the car, they found that the car had

been broken into and the valise and its contents were gone. The Westport police were notified of the loss shortly thereafter. The insured also reported the loss to the defendant and executed a sworn proof of loss, but the defendant has denied coverage.

The plaintiff contends that under the following two pertinent provisions of the policy she had a right to recover. The defendant denies this right of recovery and contends that these two provisions do not afford coverage under the factual situation of the instant case. The two provisions are: "Coverage C—Unscheduled Personal Property: Coverage C insures all personal property . . . [except certain exclusions not applicable to this case] owned, worn or used by the named Insured and members of the named Insured's family of the same household and, at the option of the named Insured, personal property of others, all while situated on the described premises. . . . [Under the designation Extensions of Coverage, subparagraph 3 provides:] Coverage C also covers, as additional insurance, ten per cent (10%) of the amount specified therefor (but not less than $1,000) on personal property as described and limited while elsewhere than on the described premises, anywhere in the world, owned, worn or used by the Insured or at the option of the Insured, any member of the family of, and residing with the Insured, a guest while in a temporary residence of, and occupied by the Insured, or residence employees while in a temporary residence of the Insured or in their custody while on the Insured's business."

The insurance policy in question is a written contract, to be interpreted by the same general rules as any other written contract and enforced in accord with the real intent of the parties. *Miller Bros. Construction Co.* v. *Maryland Casualty Co.,* 113

Conn. 504, 513. While it is true that where the terms of a policy are of doubtful meaning the construction most favorable to the insured will be adopted; *Porto* v. *Metropolitan Life Ins. Co.*, 120 Conn. 196, 200; there is no room for this rule of construction where the terms of the policy are plain, clear and unambiguous. *General Construction Co.* v. *Aetna Casualty & Surety Co.*, 151 Conn. 684, 685; *Leathermode Sportswear, Inc.* v. *Liberty Mutual Ins. Co.*, 150 Conn. 63, 66; *Plunkett* v. *Nationwide Mutual Ins. Co.*, 150 Conn. 203, 206, 207; *London & Lancashire Indemnity Co.* v. *Duryea*, 143 Conn. 53, 58; *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, 143 Conn. 510, 513; *Raffel* v. *Travelers Indemnity Co.*, 141 Conn. 389, 392; *Lyon* v. *Aetna Casualty & Surety Co.*, 140 Conn. 304, 310. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Downs* v. *National Casualty Co.*, 146 Conn. 490, 494.

As noted hereinbefore, coverage C insures all personal property "owned, worn or used by the named Insured and members of the named Insured's family of the same household and, at the option of the named Insured, personal property of others, all while situated on the described premises." The plaintiff must concede, and in reason she could not contend otherwise, that the provisions of coverage C do not provide coverage under the facts of the instant case. Whether or not the plaintiff was a member of the insured's family of the same household need not be determined, since the personal property was not "situated on the described premises." It is a mandatory requirement under this coverage that the loss occur on the "described premises." The "described premises" is the home of the insured in Norwalk. The loss occurred at a

public parking area in Westport. The terms of coverage C are clear and unambiguous, and under the facts, deny the plaintiff a right to recover.

Does, then, the provision "Extensions of coverage," subparagraph (3), as noted above, upon which the plaintiff must rely, permit her to recover? The court is of the opinion that it does not. This extension of coverage is additional insurance which broadens the area from the "described premises" in coverage C to "anywhere in the world" or "at the option of the Insured, any member of the family of, and residing with the Insured, a guest while in a temporary residence of, and occupied by the Insured . . . ." To come within this coverage, the plaintiff had to be a member of the insured's family and, while a guest, have resided with the insured in a "temporary residence of, and occupied by the Insured." This is not the factual situation in the instant case. The insured's home in Norwalk was her permanent one, not a temporary one; actually, it was her only home. Whether or not the plaintiff was a "member of the family of, and residing with the Insured" need not be determined in view of the position taken by the court. The word "family" is, however, defined in 2 Appleman, Insurance Law and Practice § 831, p. 304, as follows: "By use of the word 'family' is usually meant such persons who habitually reside under one roof and form a single domestic circle, or in which there is a legal and equitable obligation to provide support." See also *Rathbun* v. *Aetna Casualty & Surety Co.*, 144 Conn. 165.

Whether or not the plaintiff was "residing" with the insured is moot in view of the factual situation. When the plaintiff packed her valise and then left with the insured to go to her son's place of business, she had no intention of returning to the insured. She was to spend the rest of her stay with her son

in New Haven before returning to Florida. At the time of her departure from the insured's home, her residence there, if any, was terminated, and at the time of the loss it was abandoned. *Don* v. *Don,* 142 Conn. 309, 311; *Hackett* v. *New Haven,* 103 Conn. 157, 169.

Even if we assume, without deciding, that the plaintiff was a member of the insured's family and resided with the insured, this coverage would not apply, since she was not residing "in a temporary residence of, and occupied by the Insured." This latter requirement must exist to impose liability under this coverage. The fact that there was no temporary residence involved, which is not disputed, is fatal to the plaintiff's contention. The court is of the opinion that, in view of the factual situation in the instant case, the plaintiff's loss is not covered by the policy.

The issues are found in favor of the defendant.

Judgment may enter for the defendant.