The plaintiff brought this action against the defendant insurance company alleging that it had wrongfully reduced the plaintiff's insurance disability benefits by an amount equal to his family's Social Security benefits. The trial court granted summary judgment for the defendant, from which the plaintiff appeals.
The group insurance plan under which the plaintiff receives disability benefits excludes from those payments "all cash benefits available under governmental benefit programs." The contract states that "[b]enefits will be considered as available to an Employee under these programs if [s]he is entitled to claim payment (including payments due members of his/her immediate family on account of his/her disability), or if anyone else is entitled to claim payment on the Employee's [sic] behalf, under them." (Emphasis added.)
The sole issue in this case is whether the Social Security benefits received by the plaintiff's wife and children because of his disability are governmental benefits available to the plaintiff within the meaning of the contract. The plaintiff contends that the provision defining "available benefits" is ambiguous and urges the court to construe "available" to mean that if the plaintiff did not have actual control over the payments, they were not available to him. We do not agree.
The contract explicitly includes Social Security payments made to a disabled person's immediate family in its definition of benefits available to the insured. "It is settled law that `[e]very provision of the contract must be given effect if it can reasonably be done, because parties ordinarily do not insert meaningless provisions in their agreements.' . . . This rule applies as well to this insurance contract as to any other contract." A. M. Larson Co. v. Lawlor Ins. Agency, Inc., 153 Conn. 618, 621-22, 220 A.2d 32 *Page 482 
(1966). The plaintiff's construction would render the provision "(including payments due members of his/her immediate family)" meaningless and mere surplusage. The proffered construction is therefore unreasonable and inapplicable under the circumstances. Under the specific provision of the contract, the insurer may offset disability payments by the Social Security benefits received by the insured's immediate family.
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.