[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR JUDGMENT OF DISMISSAL
The defendants have moved for judgment of dismissal following plaintiff's case. The underlying issue surrounds a contract to purchase industrial/commercial property in Barkhamsted, which contract contained a zoning contingency for manufacturing uses in the building. (Pl. Exhs. 4 and 5).
The plaintiff has claimed that the zoning contingency was entered into in bad faith, thereby nullifying it as a contingency. Lach v. Cahill, 138 Conn. 418, 421
(1951). The plaintiff further claims other breaches of contract. However, this court finds that defendants' argument on the issue of the zoning contingency is dispositive of this motion. Big Horn Coal Co. v. Commonwealth Edison Co.,852 F.2d 1259, 1270 (8th Cir. 1988); Zullo v. Smith, 179 Conn. 596,601-602, 427 A.2d 409 (1980).
Defendants concede that they were required to make reasonable efforts to secure zoning approval. The court reviewed the testimony, in conjunction with the exhibits and claims of the parties. Even viewing that evidence in a light most favorable to the plaintiff, Berchtold v. Maggi, 191 Conn. 266,271 (1983); Falker v. Samperi, 190 Conn. 412, 419 (1983); Hincliff v. American Motors Corp., 184 Conn. 607, 610 (1981); Wordie v. Staggers, 27 Conn. App. 463, 465 (1992), the court cannot find from the evidence that the defendants' attempts were unreasonable in light of economic conditions at the time, and the very limited time for execution of the contract. The CT Page 8140 defendants cannot be said to have acted in bad faith. In fact, plaintiff introduced evidence that the defendants continued to seek a new contract for the purchase of the subject property after the expiration of this contract.
The contract further called for the parties to enter into and execute a contract of sale. Obviously, had the plaintiff desired to make the zoning contingency and the obligations thereunder more specific, that opportunity was contemplated under the contract. What plaintiff is left with is a real estate form offer and acceptance, which is the entire agreement of the parties. The plaintiff agreed to the contingency for zoning approval for manufacturing uses. The contract must be read in its ordinary terms, and the court will not create ambiguity. Downs v. National Casualty Co.,146 Conn. 490, 494, 152 A.2d 316 (1959). The plaintiff did not demonstrate a failure of reasonable efforts, and there was no evidence of bad faith. The court is bound to grant the motion for judgment of dismissal "when the evidence produced by the plaintiff, if fully believed, would not permit the trier in reason to find the essential issues on the complaint in favor of the plaintiff". Minicozzi v. Atlantic Refining Co.,143 Conn. 226, 230, 120 A.2d 924 (1956) as cited in Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 548 (1982).
The evidence herein on the issue of the zoning contingency, taken in a light most favorable to the plaintiff cannot demonstrate what the plaintiff argues and asserts in his brief. The facts do not prove bad faith. The facts presented do not demonstrate a failure of either "good faith" or "commercial reasonableness". The evidence disclosed that the parties justified expectations were met. Warner v. Konover,210 Conn. 150, 155 (1989). The plaintiff permitted the defendants three (3) months time in which to secure commercial and/or manufacturing tenants and successfully apply for zoning approval. Considering the economic climate, the efforts testified to certainly were not unreasonable. The evidence of their good faith was elicited by plaintiff in their pursuit of an extention of time, and pursuit of further contracts with plaintiff.
 The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used.
Sturman v. Socha, 191 Conn. 1, 12 (1983); citing Connecticut Co. v. Division 425, 147 Conn. 608, 616-17, 164 A.2d 413
(1960); see 3 Corbin, Contracts Sec. 542; 4 Williston Contracts (3rd Ed.) Sec. 609; Zullo, supra. CT Page 8141
The zoning contingency was not met. There was no binding contract and hence no breach of contract. The motion is granted and the plaintiff shall return the deposit to the defendants.
DRANGINIS, J.