[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Meehan Meehan for plaintiff.
Murphy Karpie for defendant.
The plaintiff is the administratrix of the estate of her son, Darryl Britt. On February 1, 1991 Darryl, who was seven years old, was struck and killed by an automobile driver who did not have liability insurance. At the time of his death Darryl lived with his mother, his stepfather Frankie Francis, his stepfather's brother, Josiah Francis, and his stepfather's mother, Rosemary Francis. The defendant Electric Insurance Company issued an automobile liability insurance policy to Josiah Francis which was in effect on February 1, 1991 (the "Policy"). The Policy provides $20,000 in uninsured motorist ("UIM") coverage. The plaintiff has made a claim against the defendant for the UIM CT Page 6840 benefits payable under the Policy.
The dispute between the parties is whether the plaintiff's decedent is an insured under the Policy. The issue was submitted to a single arbitrator who ruled that the decedent was not a "family member" of Josiah Francis within the definition of the Policy and therefore not entitled to the benefit of the UIM coverage provided in the Policy. The plaintiff has moved to vacate the arbitration award and the defendant has filed a cross-motion seeking confirmation of the arbitration award.
Construction of a contract of insurance presents a question of law which is reviewed by the court de novo. Aetna Life CasualtyCo. v. Bulaong, 218 Conn. 51, 58 (1991). Interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language used. Id.
The UIM provision of the Policy provides benefits for the named insured and any "family member." The definitions section of the Policy provides
 "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household.
This includes a ward or foster child.
There is no dispute that the decedent was in fact a resident of the household of the named insured, Josiah Francis. The dispute is whether Darryl Britt was "related to" Josiah Francis within the meaning of the Policy.
The defendant contends that the decedent was not "related to" Josiah Francis "by blood, marriage or adoption." Relationship by adoption has no relevance on the facts before the court. Likewise, Darryl Britt and Josiah Francis were not related "by blood" because they did not descend from a common ancestor. Singh v.Singh, 213 Conn. 637, 643 (1990).
The issue before the court is whether Darryl Britt and Josiah Francis were related by marriage, sometimes called "affinity." "Affinity is `the connection existing in consequence of marriage between each of the married persons and the kindred of the other.'" Lavieri v. Commissioner of Revenue Services,184 Conn. 380, 383 (1981), quoting In Re Bordeaux' Estate, CT Page 684137 Wash.2d 561, 565, 225 P.2d 433 (1950). Affinity describes the connection which exists between a married person and the relatives of that person's spouse as a result of the marriage. Singh v.Singh, supra. Upon the marriage of Khadijah Britt and Frankie Francis, each of them became related to the relatives of the other. Khadijah Britt therefore became related to Josiah Francis and Frankie Francis became related to Darryl Britt as his stepfather. The analysis does not lead to the conclusion, however, that Darryl Britt, the son of Khadijah Britt, became legally related to Josiah Francis, the brother of Frankie Francis because the relatives of Khadijah Britt and Frankie Francis do not become related to one another under the rule. The defendant's analysis stops at this point (as did the arbitrator's.) The defendant concludes that the term "family member" as defined in the Policy is clear and unambiguous and not in need of construction and that Darryl Britt was not a "family member" as defined in the Policy.
The defendant's analysis fails, however, to address an integral component of the definition of "family member" in the Policy, which is the second sentence of the definition.
 "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.
(Emphasis added.) The inclusion within the definition of family member of "a ward or foster child" is inconsistent with the first sentence of the definition because a ward or foster child might not be related by blood, marriage or adoption to the insured. General Statutes § 17a-110(a) defines foster child as "a child placed temporarily in a home, pending permanent placement." General Statutes § 45a-644(h) defines a ward as "a person for whom involuntary representation is granted under Sections 45a-644 to 45a-662, inclusive." The statutory sections cited relate to the appointment and powers of conservators appointed for incapable persons.
By adding the words "[t]his includes a ward or foster child" to the initial definition of family member, the defendant created an ambiguity as to the meaning of "family member." If only those wards or foster children who were related to the insured by blood, marriage or adoption were intended to be included, there would be no need for the additional language contained in the second sentence of the definition; it would be superfluous. The second sentence evinces the intent of the defendant to interpret "family CT Page 6842 member" more broadly than the strict definition set forth in the first sentence, at least insofar as minors or incapable persons are concerned. The defendant clearly intended to include within the definition of "family member" those minors or incapable persons who resided in the household of the insured although unrelated to the insured. Darryl Britt, an unrelated minor residing in the insured's household, was therefore a "family member" within the meaning of the Policy.
This construction of the policy is consistent with all the applicable rules of interpretation for policies of insurance. Where insurance policy terms are ambiguous and susceptible to more than one interpretation, the interpretation favorable to the insured should be adopted. Griswold v. Union Labor Life Insurance Co.,186 Conn. 507, 514 (1982). Every provision of an insurance policy is to be given effect if possible and no word or clause should be disregarded if any reasonable meaning can be given to it consistent with other parts of the policy. A.M. Larson Co. v. LawlorInsurance Agency, Inc., 153 Conn. 618, 622 (1966). A limitation of liability under uninsured or under-insured motorist coverage must be construed "most strongly" against the insurer. AmericanUniversal Insurance Co. v. DelGreco, 205 Conn. 178, 196
(1987).
In accordance with the terms of the Policy construed under these rules of insurance policy construction, Darryl Britt was a family member of the insured, Josiah Francis. The motion to vacate the arbitration award is granted and the cross-motion to confirm the award is denied.
VERTEFEUILLE, JUDGE.