[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
This is an action for a breach of a lease and indemnification brought in two counts by the plaintiff, Beverly Punzalan (Punzalan), executrix of the Estate of Bonnie LaBega (LaBega) against the defendant, Patrick D. Quinn (Quinn). CT Page 12527
According to the complaint, the facts are as follows. On or about March 29, 1989, Quinn and LaBega entered into a lease whereby Quinn agreed to lease LaBega premises located at 783 West Thames Street, Norwich, Connecticut for a period of five years. In April of 1990, a fire occurred at the leasehold causing substantial damages. Soon thereafter, in a case entitled Quinn v. Lexington Insurance Company, et. al., Quinn sued LaBega claiming that she had breached the lease by failing to acquire the proper insurance on the leasehold as required by the lease's terms. On November 9, 1994, a directed verdict was entered in New London Superior Court in favor of Punzalan.[1]
On March 3, 1995, Punzalan brought this suit seeking to collect the legal costs incurred by LaBega in her efforts defending the prior action. Subsequently, on July 7, 1995, Punzalan filed a motion for summary judgment claiming that there are no material issues of fact in dispute and that she is entitled to summary judgment as a matter of law. Punzalan claims that the language of paragraph 24 of the lease is clear and unambiguous, and allows the plaintiff to collect attorney's fees made by the lessor or lessee "in enforcing the covenants, terms and conditions of the lease."
The defendant opposes the motion for summary judgment and claims that there is a material fact in dispute as to the meaning of the word "enforcing" as used in the lease agreement.[2] Under the defendant's reasoning, the plaintiff is entitled to attorneys' fees only if she had to sue to enforce a covenant under the lease. Thus, the defendant claims that the plaintiff can not recover attorneys' fees incurred by defending against Quinn's original action. Both parties have submitted briefs and other supporting documentation, including a copy of the lease, in support of their respective positions.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no CT Page 12528 real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
"Although ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it becomes a question of law for the court." Water Way Properties v. ColtMfg. Co., 230 Conn. 660, 667, 646 A.2d 143 (1994).
Paragraph 24 of the lease states:
 The Lessee and Lessor covenant and agree with each other to pay and discharge all reasonable costs, attorneys' fees and expenses that shall be made or incurred by them in enforcing the covenants, terms and conditions of this lease; and the parties to this lease agree that the covenants, and agreements herein contained, shall be binding upon, apply and inure to their respective heirs, executors, administrators and assigns.
"In determining the meaning and effect of the uncontroverted language in the lease, the inquiry must focus on the intention expressed in the lease and not on what intention existed in the minds of the parties." (Citation omitted; internal quotation marks omitted.) Id. "In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that thelanguage used must be accorded its common, natural, andordinary meaning and usage where it can be sensibly applied tothe subject matter of the contract." (Emphasis added; citation omitted.) Barnard v. Barnard, 214 Conn. 99, 110,570 A.2d 690 (1990).
The American Heritage Dictionary (2nd Ed. 1988) defines "enforce" as "1. To compel observance of or obedience to. 2. To compel. 3. To give force to; reinforce." Black's Law Dictionary (6th Ed. 1990) defines enforce to mean, "To put into execution; to cause to take effect; to make effective; as, to enforce a particular law, a writ, a judgment, or the collection of a debt or fine; to compel obedience to."
Applying these common definitions to the language of the CT Page 12529 lease, the court finds as a matter of law that the lessor or lessee would be entitled to attorneys' fees only if they were suing to compel or make effective the covenants of the lease. In this case, however, the plaintiff is suing to collect attorneys' fees expended in defense of a prior action, and not for enforcing any of the covenants of the lease. While the plaintiff makes the unique argument that she was forced to expend legal fees to compel compliance with the other paragraphs of the lease, in realty she was defending against the then-plaintiff's claim that she had failed to procure the proper insurance as the lease demands. As no counterclaims were raised, the plaintiff never sued to enforce any covenant of the lease.
The plaintiff relies on the case of Summit National Bankv. Sumo, 12 Conn. L. Rptr. 163 (July 25, 1994) (West, J.) for the proposition that "enforce" has been construed to encompass the word "defend." Summit, however, is concerned with General Statutes § 47-258(b) which determines the priority of a condominium association's lien for non-payment of condominium fines and assessments. After reviewing Black's definition of the word "enforce," the court stated "that the association compels obedience to its lien as a defendant in a foreclosure of the first security interest and that the word `enforcing' [under the statute] includes defending the validity and priority of the association lien . . ." Id. Thus, in that case, the plaintiff was enforcing the status of its lien by defending in the subsequent foreclosure. In the prior action in this case, the plaintiff was not enforcing anything, but merely defending against the charge that she had breached the lease. Had the parties contemplated that either side would be responsible for the attorneys' fees in enforcing or defending an action under the lease, they could have used more exact words. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." Downs v. National CasualtyCo., 146 Conn. 490, 494, 152 A.2d 316 (1959).
Thus, since there is no genuine issue of material fact in dispute, and based on the plain and ordinary meaning of the terms of the lease, the court finds that plaintiff's motion for summary judgment should be denied as a matter of law. The defendant's cross motion for summary judgment is, however, granted. CT Page 12530
CONCLUSION
For the above stated reasons, the plaintiff's motion for summary judgment is denied. The defendant's cross-motion for summary judgment is granted.
Hurley, J.