[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case plaintiff seeks a declaratory judgment that defendant owes the duty to defend and indemnify plaintiff in a law suit filed against plaintiff.
The facts are as follows: Defendant, Insurance Company of Greater New York, issued defendant a comprehensive commercial policy providing general liability, property, crime, and automobile coverage. The policy is an integrated one in which all of its parts, declarations and endorsements were negotiated and submitted to defendant as a single document. The coverage for commercial general liability is one million dollars. This coverage, however, contains an exclusion under Coverage A, Section 2.(c) for bodily injury for which the insured may be held CT Page 82 liable by reason of "(1) causing or contributing to the intoxication of any person; (2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverage."
The policy also contains a "Liquor Liability Coverage Form" which insures for damages imposed on insured by reason of "selling, serving or furnishing of any alcoholic beverage." Under this form the insurer agrees to defend such an action. An endorsement entitled, "Connecticut Changes — Liquor Liability," limits liquor liability coverage to $20,000 for each person and $50,000 for each common cause.
Finally, an endorsement modifies the commercial general liability coverage part to the effect, "Exclusion c. of Coverage A (Section 1) does not apply."
During the policy period Mary H. McGloin was allegedly struck by an automobile driven by Alvard Reyes who was allegedly a minor and had prior to the accident become intoxicated at a tavern owned by plaintiff. Peter, J. McGloin, Administrator of Mary H. McGloin, brought an action against plaintiff in the Hartford Superior Court, (case number CV 96 0558083) which case is still pending.
The defendant insurance company interposed the special defense to the effect that, pursuant to the policy, its limit of liability is $20,000, which it offers to pay in full, and it will provide plaintiff with a defense under the Liquor Liability Coverage of the policy.
The plaintiff seeks a declaratory judgment requiring the defendant fully to defend plaintiff in the McGloin suit against it and to provide indemnity for damages for the full amount of one million dollars under the commercial general liability coverage.
Plaintiff argues that the endorsement eliminating the alcohol exclusion (Coverage A, Section 2.(c)) created general liability coverage of one million dollars for an alcohol-induced accident. The endorsement of Connecticut changes to liquor liability, limiting coverage to $20,000 for a single person and $50,000 for a general occurrence, at least creates an ambiguity in coverage CT Page 83 which should be resolved in favor of the plaintiff-insured.
The construction of an insurance contract presents a question of law. Peerless Co. v. Gonzales, 241 Conn. 476, 483 (1997). It is true that when terms of a policy are ambiguous, "construction most favorable to the insured will be adopted." id at 482. But before this rule of construction may be applied, a court must determine whether or not "the terms of the contract are actually ambiguous." Dainty Rubbish Service, Inc. v. Beacon HillAssociation, Inc., 32 Conn. App. 530, 533 (1933). Kelly v.Fegueiredo, 223 Conn. 31, 37 (1992).
In the instant case, the amount of coverage for general liability and for Connecticut liquor liability are not ambiguous, but, rather, in conflict. When such a conflict exists three rules of construction apply. The first rule is that where "it is reasonably possible to do so, every provision of an insurance policy must be given operative effect . . . because parties ordinarily do not insert meaningless provisions in their argument." Ceci v. National Indemnity Co., 225 Conn. 165, 175-76
(1993). See also A. M. Larson Co. v. Lawlor Insurance Agency,Inc., 153 Conn. 618, 622 (1966). If the court were to adopt the interpretation of the policy advanced by the plaintiff, the Connecticut liquor endorsement setting the limits of $20,000/50,000 coverage for alcohol-caused accidents would be rendered meaningless. This would violate the above rule of construction.
The second rule is that when there is a conflict between general and specific clauses, the specific clause governs and is construed as modifying the general clause. Bease ChainManufacturing Co. v. Saxton Products, Inc., 183 Conn. 266, 273
(1981); Restatement (Second) Contracts § 229 (1973); 3 A Corbin, Contracts (1960) § 547; 4 Williston, Contracts (3d Ed. 1961 § 619. Under that rule, the specific provision for $20,000/50,000 limit for alcohol-related injuries should govern over the general coverage for all liability.
The third rule is that where "two clauses which are apparently inconsistent can be reconciled by a reasonable construction, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent and repugnant provisions. Dainty Rubbish Service Inc. v. Beacon HillAssociation, Inc., supra, 533. In the instant case the most reasonable interpretation of the subject policy that reconciles CT Page 84 apparently conflicting provisions is that the Connecticut liquor liability coverage of $20,000-$50,000 limits applies to alcohol-related injuries and the one million dollar general liability coverage applies to all other-types of losses. This interpretation is consistent with the explanation defendant gives in its brief that the alcohol exclusion was eliminated in the general liability coverage so as not to conflict with the Connecticut liquor liability endorsement which clearly applies to alcohol-related injuries.
The court concludes the plaintiff has failed to sustain its right to the declaratory judgment claimed in its complaint. Judgment may, accordingly, enter for the defendant.
Robert Satter State Judge Referee