[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Alyce M. Stoner, (hereinafter Stoner) brings this action against the defendant, Blue Cross Blue Shield of CT Page 16226 Connecticut, Inc., (Blue Cross) in two counts. The first count is for breach of contract; the fifth count — previously, counts two, three and four were stricken — for intentional infliction of emotional distress in the remaining count.
The facts applicable to the above-mentioned two counts are:
The plaintiff was insured by Blue Cross for health care benefits through her employer's group plan under the State Preferred Plan Subscriber Agreement. Plaintiff's Exhibit 1.
The plaintiff submitted a claim to Blue Cross for orthodontic treatment received from Dr. Marshall Seidman in the amount of $4,975.00. The defendant, Blue Cross, denied this claim. This action by the plaintiff is based upon that denial of liability by Blue Cross under the previously mentioned State Preferred Plan Subscriber Agreement.
The plaintiff in her first count contends that the defendant wrongfully, intentionally and deliberately denied her medical coverage under the above-mentioned contract of insurance in that it failed to pay her claims for medical services rendered to her requiring her to incur the expenses of these medical services.
The factual situation here is quite simple. The plaintiff was informed that she had a condition described as Temporomandibular Joint Syndrome (TMJS) and asymmetrical bite; that it required she receive medically necessary treatment for orthodontic correction of an asymmetrical bite and for TMJS. Her application to the defendant to provide the medical coverage for this treatment under her contract of insurance with the defendant was denied. The plaintiff, on her own recognizance received the treatment for the TMJS condition and personally paid for the treatment in the sum of $4,975.00. She seeks to recover this expenditure.
The defendant does not contest plaintiff's allegation regarding her condition nor that the condition may have required the medical services the plaintiff received. It does, however, contest plaintiff's assertion that the defendant breached the contract with the plaintiff by refusing to reimburse her for the expenses incurred in treating the condition. The defendant points out that it is obligated to provide coverage for services set out under the parties' agreement. Plaintiff's Exhibit 1, Section 111-A, subsection 16. Further, there are exclusions, conditions and limitations listed describing non-covered services. CT Page 16227 Plaintiffs Exhibit 1, Section V, Subsection 15, 16; wherein the plaintiff's claim is specifically excluded by these sections.
The plaintiff also contends that because the treatment provided to her was medically necessary, the exclusionary language of the contract does not apply. She bases this upon the reasonable expectations of the normal contractual relationship where one of the parties (Blue Cross) is in a position of a fiduciary as a purveyor of a vital service quasi-public in nature.
The defendant contends that the terms of an insurance policy are to be interpreted according to the general rules of contract construction. Hertz Corporation v. Federal Insurance Company,245 Conn. 374 (1998). Further, every provision in the insurance contract must be given effect, and no clause should be rendered meaningless so long as a reasonable meaning consistent with other parts of the policy can be given to the clause. A.M. Larson Co.v. Lawler Insurance Agency, 153 Conn. 618 (1966).
The defendant further contends that a reasonable interpretation of the agreement includes giving effect to the full import of the above-mentioned exclusionary clause wherein coverage for the conditions for which the plaintiff was treated are excluded.
The plaintiff also insists that the defendant's Handbook, Plaintiff's Exhibit 2, and its contract, the Subscriber Agreement, Plaintiff's Exhibit 1, when read together, are confusing and ambiguous in that on the one hand reliance must be placed upon the physician in seeking treatment; on the other hand, that reliance does not extend to his judgment when he attempts to determine insurance coverage, at least to the extent that when he interprets covered treatment and declares it to be medically necessary.
The defendant's answer is that any conflict between the Handbook and the Subscriber Agreement is addressed in the Handbook wherein it points out that it is not intended as a replacement for the Subscriber Agreement but rather as a quick reference; that the Subscriber Agreement should be consulted for a complete statement of the rights and obligations under the plan as well as a complete listing of exclusions and limitations. Plaintiff's Exhibit 2, p. 29. CT Page 16228
Therefore, where it appears that a conflict may be present between the Handbook and the Subscriber Agreement, the Subscriber Agreement is to be referred to for the definitive information.
The defendant also responds that the fact that the plaintiffs physician determines that a particular medical procedure is a medically necessary treatment for the plaintiff's condition does not overrule the specific terms of the Subscriber Agreement. The terms of that contract are controlling. Piekos v. Blue Cross Blue Shield of Connecticut, Docket No. B-88-519, (8-23-89) (Daly, J.)
Based upon the above, the court finds for the defendant as to allegations of the first count of plaintiffs complaint.
With regard to plaintiff's fifth count (the remaining count), the court also finds for the defendant on this count. The plaintiff failed to prove a violation of CUTPA wherein she is entitled to damages under this count.
Therefore, judgment is to enter for the defendant, Blue Cross Blue Shield of Connecticut, Inc., and against the plaintiff, Alyce M. Stoner, together with court costs.
Kremski, J.T.R.