ALFRED J. MARCOLINI, JR., ET AL. *v.* ALLSTATE INSURANCE COMPANY

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued December 1, 1970—decided January 13, 1971

*Lewis C. Maruzo,* with whom was *Marvin M. Horwitz,* for the appellants (plaintiffs).

*William W. Sprague,* with whom were *James T. Haviland II* and, on the brief, *John R. Fitzgerald,* for the appellee (defendant).

SHAPIRO, J.  The plaintiffs, Alfred J. Marcolini, Sr., and Alfred J. Marcolini, Jr., father and minor son, sought a declaratory judgment determining whether a motorcycle is an automobile as the term "automobile" is used in an insurance policy issued by the defendant to the father.  The plaintiffs and the defendant filed separate motions, each accompanied by supporting affidavits and each seeking a summary judgment.  Thereafter, the court denied the plaintiffs' motion but granted the defendant's motion and declared that a motorcycle is not an automobile within the meaning of the policy.  From the judgment rendered thereon, the plaintiffs have appealed.

The facts are not in dispute.  The named plaintiff was injured while riding as a passenger on a motorcycle, owned by Anselma Berthod and being operated by her son, Gerald, when it collided with another vehicle. An insurance policy covering the motorcycle contained a passenger hazard exclusion clause which precluded liability coverage in favor of the plaintiffs.  The father's insurance policy, under which recovery was sought in the court below, contained a provision for coverage against bodily injury caused by uninsured automobiles.[1]

---

[1] The pertinent portion of the policy reads as follows:

"SECTION II—PROTECTION AGAINST BODILY INJURY BY UNINSURED AUTOMOBILES

Coverage S — Bodily Injury Benefit Insurance

.            .            .            .            .

Bodily injury protection against uninsured motorists who are legally liable

Allstate will pay all sums which the insured shall be legally entitled

The plaintiffs' position is that although the defendant denies inclusion of a "motorcycle" in its uninsured motorist provision, it used ambiguous language more calculated to conceal its intention than to express it, and that this ambiguity should be resolved against it. They seek, therefore, to have us apply the favorable construction rule. See *A. M. Larson Co.* v. *Lawlor Ins. Agency, Inc.*, 153 Conn. 618, 622, 220 A.2d 32; *Scranton* v. *Hartford Fire Ins. Co.*, 141 Conn. 313, 315, 105 A.2d 780. They

to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile.

The following persons are insured under this Section
1. The named insured and his relatives while residents of his household; and
2. Any other person while in or upon, entering into or alighting from the owned automobile provided the actual use thereof is by or with the permission of the named insured.

Definitions of words used under this Section

The definitions of 'named insured', 'owned automobile' and 'bodily injury' under Part 1 of Section 1 also apply under this Section and an additional definition under this Section is: 'uninsured automobile' means an automobile:
1. with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of accident; or
2. used without the permission of the owner thereof if there is no bodily injury liability insurance applicable at the time of the accident with respect to the operator thereof;

provided, however, an uninsured automobile shall not include:
1. an automobile owned by the named insured or any resident of his household, or self insured within the meaning of the safety responsibility law of the State or Province in which it is registered, or which is owned either by the United States, Canada, any political subdivision thereof or any agency of any of them;
2. a land motor vehicle or trailer operated on rails or crawler treads;
3. a farm-type tractor or equipment designed for use principally off public roads except while actually upon public roads; or
4. a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle."

assert also that the policy should be construed to include the Berthod motorcycle for the reason that under the doctrine of expressio unius est exclusio alterius, all automotive vehicles not specifically excluded in the policy were meant to be included in its coverage. They make no claim that, in a literal sense, a motorcycle is the same as an automobile.

The portion of the policy recited in the footnote makes it clear that the defendant will pay to the insured all sums which he is legally entitled to recover as damages resulting from the operation of "an uninsured automobile" and arising out of that automobile's ownership, maintenance or use. The definition of "uninsured automobile" is stated unequivocally to mean "an automobile." What is not included under "an uninsured automobile" is specifically defined and enumerated. Because "motorcycles" are not recited as a distinct exception, the plaintiffs claim they are included in the coverage. None of the items described in the exclusionary clause can be confused with motorcycles and the plaintiffs make no such claim.

The determinative question is the intent of the parties, that is, what coverage the plaintiff-father expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. See *Downs* v. *National Casualty Co.,* 146 Conn. 490, 494, 152 A.2d 316. "Where . . . the terms of an insurance policy are unambiguous, it is to be interpreted by the general rules governing the interpretation of any written contract, and enforced in accord with the real intent of the parties as so determined. If the terms of the policy are clear, their meaning cannot be forced or strained by an unwarranted construction to give them a meaning which the parties obviously never intended. *Lyon* v. *Aetna Casualty*

& *Surety Co.,* 140 Conn. 304, 307, 99 A.2d 141; *London & Lancashire Indemnity Co.* v. *Duryea,* 143 Conn. 53, 58, 119 A.2d 325." Ibid. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings. *A. M. Larson Co.* v. *Lawlor Ins. Agency, Inc.,* supra; *Downs* v. *National Casualty Co.,* supra. The terms of the instant policy are not ambiguous. Given their natural and ordinary meaning, they express the intent of the parties. *Plunkett* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 203, 207, 187 A.2d 754.

The language in the exclusionary clause on which the plaintiffs rely simply limits the coverage by providing that "an uninsured automobile" shall not include a motor vehicle or trailer operated on rails or crawler treads, or one located for residence use but not as a vehicle; or a farm-type tractor or equipment designed principally for use off public roads, except while actually upon public roads. The exclusion here is in the nature of a limitation on certain types of equipment and the use to which each is put. The exclusionary clause in this policy does not attempt to limit the meaning of the term "automobile" and by no means can it be construed to include a "motorcycle" under the policy coverage. The favorable construction rule, therefore, is inapplicable. Nor can it be said that the maxim expressio unius est exclusio alterius has application here. It is generally an aid to statutory construction and should not be used to create an ambiguity or to contradict a clear expression of intent. See 17A C.J.S., Contracts, § 312.

We make a brief reference to one other matter. The policy was issued on April 25, 1967, for the

period of one year. The plaintiff, in his brief, cites General Statutes § 38-175a and also §§ 38-175a-1 to 38-175a-8 of the regulations adopted by the insurance commissioner pursuant to that statute with respect to minimum provisions to be included in automobile liability insurance policies covering private passenger automobiles. The statute became effective October 1, 1967; Public Acts 1967, No. 510; and the regulations were adopted on December 19, 1967. We have no reason to discuss the relationship of the statute and the regulations to the policy considered here since they do not impose new restrictions on the enforcement of a past contract. See *O'Connor* v. *Hartford Accident & Indemnity Co.,* 97 Conn. 8, 15, 115 A. 484.

The trial court's conclusion that the Berthod motorcycle is not an automobile as the term "automobile" is used in the policy and its granting the defendant's motion for summary judgment and entering judgment thereon was correct.

There is no error.

In this opinion the other judges concurred.