A & S EXCAVATING, INC. *v.* INTERNATIONAL HARVESTER CREDIT CORPORATION

SUPERIOR COURT NEW HAVEN COUNTY FILE No. 137297
AT NEW HAVEN

Memorandum filed January 18, 1974

*Alan E. Silver,* of New Haven, for the plaintiff.

*Marsh, Day & Calhoun,* of Bridgeport, for the defendant.

MULVEY, J. The plaintiff purchased a crawler tractor from Cooke's Equipment Company on April 1, 1971, for a price of $20,675. It made a down payment of $8100 and financed the balance with the defendant under an instalment contract. That contract carried a so-called self-help provision which provided that in the event of default the defendant could take possession of the property without notice. The plaintiff defaulted, and the defendant did so repossess and now proposes to sell the tractor at auction. The plaintiff seeks an injunction preventing the sale. The parties agreed that the court should hear the matter on the application for a permanent injunction.

The plaintiff claims that it has been deprived of its property without due process of law and in violation of its rights under the Prejudgment Remedies Act, Public Act No. 73-431 (General Statutes c. 903a). We do not agree with the plaintiff's claims.

Public Act 73-431 does not apply to the plaintiff's situation. The act in § 1 (d) defines what is meant by prejudgment remedy: " 'Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." Self-help repossession is not one of the methods enumerated in the prejudgment remedy statute by which a person becomes bound by that statute. See *Marcolini* v. *Allstate Ins. Co.,* 160 Conn. 280, 284.

Nor was the plaintiff deprived of its property without due process of law. The plaintiff apparently bases its claim on *Fuentes* v. *Shevin,* 407 U.S. 67. That case, however, involved replevin statutes and

is not applicable to self-help repossession situations. Id., 79 n.12. Moreover, to quote the court in *Shirley v. State National Bank,* 13 UCC Rep. Serv. 43, 44 (D. Conn. 1973): "Most courts have concluded that the permissive state statutes authorizing private repossession that would have been lawful in the absence of the statutes deprive the plaintiff of no right under color of state law." The District Court was referring to General Statutes § 42-98 (a), which permits repossession. See also *Shirley v. State National Bank,* 493 F.2d 739; *Adams v. Southern Calif. First National Bank,* 492 F.2d 324, cert. denied, 419 U.S. 1006; *Kirksey v. Theilig,* 351 F. Sup. 727; *Greene v. First National Exchange Bank,* 348 F. Sup. 672; *Oller v. Bank of America,* 342 F. Sup. 21; *Northside Motors of Florida, Inc. v. Brinkley,* 282 So. 2d 617 (Fla. 1973). The thrust of these decisions is that statutes authorizing self-help repossession are no more than a codification of a common-law right and a contract right recognized long before promulgation by statute. No new rights were created by such promulgation.

The application of the plaintiff for an injunction is denied.