PETER P. RYIZ *v.* FEDERAL INSURANCE COMPANY
(3251)

DUPONT, C. J., BORDEN and DALY, Js.

Argued June 13—decision released September 10, 1985

*David A. Piskorski,* for the appellant (plaintiff).

*Theodore J. Tucci,* with whom, on the brief, were *John E. Tener* and *Marc Rigrodsky,* for the appellee (defendant).

DALY, J. The plaintiff instituted this action against the defendant, claiming that an extended coverage provision of his fire insurance policy issued by the defendant covered certain losses sustained by him. From a judgment rendered in favor of the defendant, the plaintiff has appealed.[1]

The parties stipulated to certain facts. On August 25, 1976, the defendant issued to the plaintiff a policy insuring his dental office located on the second floor of 24 North Main Street in Southington. As of February 20, 1980, the policy coverage was increased from $100,000 to $150,000 for professional and personal property. The policy provided for extended coverage. On August 22, 1980, the plaintiff's office was destroyed by fire.

---

[1] This appeal only involves the extended coverage provisions since the defendant has paid the plaintiff $150,000 as its full obligation under the basic fire insurance policy.

On August 1, 1979, the plaintiff acquired office space leasing the entire second floor of the building known as 20-26 North Main Street in Southington. During the fall of 1979 and through February of 1980, the plaintiff expanded his office in the area leased. Thereafter, on or about July 1, 1980, the plaintiff began a second expansion of his office. The plaintiff purchased office equipment and furniture at a cost of $34,352.29 between July 1, 1980, and August 21, 1980, and continued the building improvements during that period.

The plaintiff did not pay any additional premiums for the building improvements, office equipment or furniture when it was acquired or purchased, or pay any premium to cover such property at any time thereafter. The defendant did not bill or send an additional premium statement concerning the improvements at any time to the plaintiff. The defendant's agent took no action which would have led the plaintiff to reasonably believe that his newly acquired equipment and furniture was covered under the terms of the existing policy. The defendant's agent was not informed by the plaintiff of the specific extent of the expansion of the plaintiff's office which commenced on or about July 1, 1980, until the time of the loss. The plaintiff's secretary, Sally Diaz, wrote a letter to the adjuster, pursuant to his request, informing him that she was unable to adjust the coverage to protect the additional equipment and improvements prior to August 22, 1980. The plaintiff did not notify the defendant that he desired increased coverage under the policy for newly acquired property and equipment with respect to the equipment and improvements commencing July 1, 1980, until the date of the loss.

The pertinent terms of the policy are:

"I. PERSONAL AND PROFESSIONAL PROPERTY. Coverage under this dentist's insurance schedule is extended

to include: Newly acquired property for a period of 90 days following date of acquisition or until more specific insurance has been placed (whichever occurs first), subject to the following limits of liability and all other forms and conditions. $25,000 on personal and professional property at newly acquired locations owned, leased or controlled by the insured. If newly acquired property is to be covered under this insurance, additional premium shall be payable from the date of acquisition."

The question before the trial court was whether the plaintiff could recover under the extended coverage provisions of the policy for the office equipment and furniture purchases and building improvements made between July 1, 1980, and August 21, 1980, which was the day before the fire. The trial court found that the existence of the property at a "newly acquired location" was a condition precedent to recovery by the plaintiff, that the ninety day limitation on coverage of "newly acquired property" also applied to define the period of a "newly acquired location," and that the plaintiff's failure to comply with the condition precedent barred him from recovery.

On appeal, the plaintiff has challenged the trial court's conclusion that a "newly acquired location" as defined by the trial court is a condition precedent to recovery.

An insurance policy is a contract and the risks covered by the policy are determined by the intention of the parties as manifested in the contract. A person bargains for a certain protection when taking out insurance, and the insurer, for a consideration, agrees to furnish that protection. *Fogarty* v. *Fidelity & Casualty Co.*, 120 Conn. 296, 302–303, 180 A. 458 (1935). The insurer is bound by the express terms of its contract, but liability beyond these terms is not to be

extended by implication. *Miller Brothers Construction Co.* v. *Maryland Casualty Co.*, 113 Conn. 504, 513, 155 A. 709 (1931). The general rules of contract construction govern when the terms of an insurance policy are to be construed. When the terms are clear and unambiguous, then the language must be accorded its natural and ordinary meaning. *Griswold* v. *Union Labor Life Ins. Co.*, 186 Conn. 507, 512–13, 442 A.2d 920 (1982); *Weingarten* v. *Allstate Ins. Co.*, 169 Conn. 502, 509–510, 363 A.2d 1055 (1975).

"A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings. . . . A policy is to be taken as a whole, and all its relevant provisions considered in connection with each other. . . . Every provision is to be given effect, if possible, and no word or clause eliminated as meaningless, or disregarded as inoperative, if any reasonable meaning consistent with the other parts of the policy can be given to it." (Citations omitted.) *Downs* v. *National Casualty Co.*, 146 Conn. 490, 494–95, 152 A.2d 316 (1959); *Marcolini* v. *Allstate Ins. Co.*, 160 Conn. 280, 283–84, 278 A.2d 796 (1971); *A. M. Larson Co.* v. *Lawlor Ins. Agency, Inc.*, 153 Conn. 618, 622, 220 A.2d 32 (1966).

"It is a basic principle of insurance law that policy language will be construed as laymen would understand it and not according to the interpretation of sophisticated underwriters, and that ambiguities in contract documents are resolved against the party responsible for its drafting; the policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view." *Cody* v. *Remington Electric Shavers,* 179 Conn. 494, 497, 427 A.2d 810 (1980).

A reading of the pertinent extended coverage provision in this case indicates that it applies to "[n]ewly acquired property for a period of 90 days . . . *subject to the following limits of liability and all other forms and conditions."* (Emphasis added.) "Subject" means "likely to be conditioned, affected, or modified in some indicated way: having a contingent relation to something . . . ." Webster, Third New International Dictionary.

"Whether a proviso constitutes a condition precedent, a condition subsequent, or simply a covenant is to be determined with reference to the intent of the parties in light of the terminology as a whole and surrounding circumstances." *Simses* v. *North American Co. for Life & Health Ins.*, 175 Conn. 77, 86, 394 A.2d 710 (1978). "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence." (Citations omitted.) *Lach* v. *Cahill*, 138 Conn. 418, 421, 85 A.2d 481 (1951); *Brauer* v. *Freccia*, 159 Conn. 289, 293, 268 A.2d 645 (1970).

It is clear and unambiguous that there is a limit of $25,000 on newly acquired property, contingent upon it being at a newly acquired location owned, leased or controlled by the insured. The defendant had already issued a basic fire insurance policy for $100,000 which had been increased by the plaintiff earlier in the year to $150,000. There was no reason for the plaintiff to believe that the defendant would be assuming an additional, open-ended liability commitment. The actions of the plaintiff's secretary indicated an awareness of the situation and an inability to adjust the coverage to protect the additional equipment and improvements prior to the date of the fire.

We agree with the trial court that the plaintiff intended to receive, and the defendant intended to

afford him, a defined coverage against liability for fire damage or destruction of property of the plaintiff at 24 North Main Street, Southington, and coverage of newly acquired property for ninety days at a newly acquired location. The coverage claimed by the plaintiff was not within the express terms of the policy.

There is no error.

In this opinion the other judges concurred.