[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CROSS MOTIONS FOR SUMMARY JUDGMENT RE: INSURANCE COVERAGE
The underlying action is being brought by Louis Piccirillo who is seeking damages arising from his purchase of a single family home and a garage which he claims had to be demolished because of termite infestation. In parts of his complaint material hereto, plaintiff Piccirillo alleges that defendants Henry Bahre and Arrow Pest Control, Inc., either negligently inspected the home for termites or failed to inspect for termites and then issued a certificate that the premises were termite free.
Henry Bahre ("Bahre") and Arrow Pest Control, Inc. ("Arrow") have filed a three count third party complaint against National Indemnity Company a/k/a National Indemnity Insurance Company ("National") and Suzio Insurance Center, Inc. ("Suzio").
In their first count, Bahre and Arrow allege that they CT Page 4020 owned a liability insurance policy issued by National entitled "Manufacturers' and Contractors' Liability Insurance Coverage for Premises and the Insured's Operations in Progress". Bahre and Arrow contend that in spite of their performance of all the conditions precedent, National has refused to defend them in the underlying suit and they seek indemnification if Piccirillo prevails. In their second count, Bahre and Arrow allege that Suzio Insurance Center, who held themselves out as "Insurance Specialists" in the area of liability insurance, represented that claims such as those brought by Piccirillo would be covered by the National policy. In reliance on these representations, Bahre and Arrow allegedly were induced into purchasing the policy and paying the premiums. According to the complaint, Suzio knew or should have known that these representations were false. The third count alleges that Suzio was negligent in failing to obtain reasonable insurance coverage for Bahre and Arrow when it knew that they were seeking coverage for claims such as those brought by Piccirillo.
The third party plaintiffs, Bahre and Arrow, move for summary judgment against the third party defendant, National, on the grounds that "there is no genuine issue of any material fact as to National Indemnity Company's liability on the allegations of the first count." In support of this motion, they have submitted a memorandum of law along with the affidavit of Henry Bahre and a photocopy of the insurance policy in accordance with the Conn. Practice Bk. section 380.
The third party defendant, National, also moves for summary judgment on the ground that there is no genuine issue of material fact in that no coverage exists under the insurance policy for the claims alleged in the action against Bahre and Arrow. In support of this motion, National has filed a memorandum and the affidavit of Daniel L. Thompson, a special claims administrator for National. Reply memoranda, replacement memoranda, supplemental memoranda and affidavits have subsequently been submitted by the parties.
DISCUSSION
The standard for granting a motion for summary judgment is set forth in Conn. Practice Bk. section 384:
 The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CT Page 4021
"Generally speaking, summary judgment procedure is an
attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. (citations omitted) It is, however, apt to be in adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial. (citations omitted)." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375 (1969). Where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings, summary judgment is particularly inappropriate. Batick v. Seymour, 186 Conn. 632,646-47 (1982). Summary judgment is to be denied where there exist "genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the court." United Oil Co., supra at 379.
Inasmuch as this is a complex case involving important public issues and because there exist genuine issues of fact and inferences of mixed law and fact, it appears that both summary judgment motions should be denied. In National's memoranda in support of its motion for summary judgment, National contends that the coverage should be denied because there was no "occurrence" within the meaning of the policy and there was no tangible property damage within the policy period. In Bahre and Arrow's memorandum of law in support of their motion, they argue that the scope of National's contractual obligations under the liability insurance policy includes defense and indemnification.
"An insurance policy is a contract and the risks covered by the policy are determined by the intention of the parties as manifested in the contract. A person bargains for a certain protection when taking out insurance, and the insurer, for a consideration, agrees to furnish that protection." Ryiz v. Federal Ins. Co., 5 Conn. App. 179, 182
(1985). "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." (citations omitted). Schultz v. Hartford Fire Insurance Co., 213 Conn. 696, 702 (1990). If the insurance coverage is defined in ambiguous terms, in accordance with the standard rules of construction, the ambiguity is resolved against the insurance company in favor of the insured where the insured's perspective is objectively reasonable.
It is a basic principle of insurance law that CT Page 4022 policy language will be construed as laymen would understand it and not according to the interpretation of sophisticated underwriters, and that ambiguities in contract documents are resolved against the party responsible for its drafting; the policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view.
Cody v. Remington Electric Shavers, 179 Conn. 494, 497
(1980).
If definitive language is absent in the contract, "the determination of what the parties intended their contractual commitments to encompass is a question of the intention of the parties and hence an inference of fact to be resolved by the trier of fact." Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 296 (1984). Furthermore, where the court finds that particular language in the policy is ambiguous or is susceptible of at least two fairly reasonable interpretations, this finding would present a triable issue of fact rendering summary judgment improper. Jurrius v. Maccabees Mutual Ins. Co., 587 F. Sup. 1301, 1305 (1984). Only if the language is clear and unambiguous is there a question of law which the court may decide as to whether the actions of an insured fit within the policy exclusions. Id.
Because the policy terms are ambiguous as to what particular conduct constitutes "an occurrence" and whether the alleged negligence of Bahre and Arrow would be included in this term, granting of summary judgment would be inappropriate. Furthermore, the Court finds that the reasonable expectations of the parties as to what they collectively intended to encompass in their contractual commitments is a material question of fact that is at issue in this case.
Accordingly, the foregoing motions for summary judgment are denied.
Clarance J. Jones Judge