[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUMS OF DECISION IN ACTION FOR DECLARATORY JUDGMENT
The plaintiff, Yvon LaChance, Administrator of the Estate of Selina LaChance, brings this action against the defendant, The Hartford Accident Indemnity Company (Hartford), seeking a declaratory judgment as to whether the 1972 Oldsmobile Cutlass (the Cutlass), in which the plaintiff's decedent was a passenger, was an insured motor vehicle under Hartford's automobile liability insurance policy, thereby allowing the plaintiff to recover damages under the terms of the Hartford policy.
The parties have submitted a stipulation of facts which can be summarized as follows: On February 1, 1984, Selina LaChance was killed in an automobile accident while a passenger in the Cutlass owned by George N. Pelletier and operated with his permission, by his son, Mark J. Pelletier. The Cutlass had been furnished and made available by George to Mark for his regular use. The Cutlass was listed on an automobile liability insurance policy issued by Nationwide Insurance Company to George N. Pelletier as the named insured.
At the time of the accident, George Pelletier owned two other motor vehicles, a 1970 Pontiac Bonneville (Bonneville) and a 1976 Ford pickup (Ford). The Bonneville and the Ford were listed on an automobile liability insurance policy issued by Hartford to George Pelletier as the named insured. Under the terms of the Hartford policy, the Cutlass did not serve as a replacement vehicle or as a temporary substitute or loaner vehicle for the Bonneville or the Ford.
At the time of the accident, Selina LaChance was a family friend who had been living in George Pelletier's house for approximately eight (8) months. Selina LaChance was not related to George Pelletier by blood, marriage, or adoption; nor did George Pelletier have legal custody of her nor was she his foster child. CT Page 2525
A declaratory judgment proceeding is a special statutory action under Conn. Gen. Stat. 52-59 implemented by the rules of court. Hartford Accident Indemnity Co. v. Williamson, 153 Conn. 345, 346 (1966). A declaratory action is appropriate where "there is an actual bona fide and substantial question in dispute or substantial uncertainty of legal relations which requires settlement between the parties." Conn. Practice Bk. 390(b) (rev'd to 1978, as updated to Oct. 1, 1990). The declaratory judgment procedure has been used many times in cases involving questions of automobile insurance coverage; e.g., Nationwide Ins. Co. v. Gode, 187 Conn. 386
(1982); Safeco Ins. Co. v. Vetre, 174 Conn. 329 (1978); Pecker v. Aetna Casualty Surety Co., 171 Conn. 443 (1976).
The dispositive issue in this action is whether the language in the Hartford policy excludes the Cutlass from Coverage under the Hartford policy. The policy exclusion provides:
 B. We do not provide Liability Coverage for the ownership, maintenance or use of:
 2. Any vehicle, other than your covered auto, which is:
a. owned by you; or
b. furnished or available for your regular use.
 3. Any vehicle, other than your covered auto, which is:
 a. owned by any family member; or b. furnished or available for the regular use of any family member.
 However, this exclusion does not apply to your maintenance or use of any vehicle which is
a. owned by a family member; or
 b. furnished or available for the regular use of a family member.
The Hartford Personal Auto Policy Form 8174, Part A, Exclusion E, p. 3 of 11 (emphasis in original denoting terms defined in the policy). The policy then defines "you" and "your" as referring to:
1. The `named insured' shown in the Declarations, and
2. The spouse if a resident of the same household.
Id. at 1 of 11. George N. Pelletier is listed as the named insured in the declarations of the Harford policy. CT Page 2526
The plaintiff argues that the Cutlass is a covered auto under the Hartford policy because the language of the policy exclusion is itself ambiguous and therefore does not exclude the Cutlass from liability coverage. By contrast, Hartford contends that the Cutlass is not a covered vehicle under the terms of its policy because 1) the Cutlass was not listed as a covered vehicle in the policy's declaration, 2) the policy exclusion is clear and unambiguous, and 3) the Cutlass falls within exclusion B.2.a. quoted above.
"Under our law, the terms of an insurance policy are to be construed according to the general rules of contract construction." Simses v. North American Co. for Life Health Ins., 175 Conn. 77, 84 (1978). "The determinative question is the intent of the parties, that is, what coverage the. . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy." Marcolini v. Allstate Ins. Co., 160 Conn. 280, 283 (1971). "`If the terms of an insurance policy are of doubtful meaning, that permissible construction which is most favorable to the insured is to be adopted . . . .'" Plainville v. Travelers Indemnity Co., 178 Conn. 664, 674 (1979) (citations omitted). However, "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." Marcolini, 160 Conn. at 284.
In the present case, the Hartford policy specifically lists the 1970 Pontiac Bonneville and the 1976 Ford pickup. The Hartford policy does not list, designate, or describe the 1972 Oldsmobile Cutlass. The policy excludes from coverage any vehicle not listed on the policy and which is 1) owned by the named insured, George Pelletier; or 2) furnished or available for his :regular use; or 3) owned by any family member; or 4) furnished or available for the regular use of any family member. The policy next excepts from the exclusion George Pelletier's maintenance or use of 1) any vehicle which is owned by a family member, or 2) any vehicle, which is not owned by George Pelletier, that is furnished or available for the regular use of a family member. (Emphasis added).
In other words, the Hartford policy provides automobile liability coverage to George Pelletier when he is maintaining or using an unlisted vehicle owned by a family member, or a vehicle (other than one he owns) furnished or available for a family member's regular use.
Based upon the stipulated facts, the Cutlass is not a covered vehicle under the Hartford policy. First, the Cutlass CT Page 2527 is not listed in the declarations of the Hartford policy. Second, the Cutlass falls within exclusion B. 2. a., i.e., the Cutlass is a motor vehicle owned by George Pelletier but not listed on the policy. Third, the Cutlass does not all within the exception to the exclusion as a vehicle maintained or used by the named insured, George Pelletier.
The plaintiff, however, maintains that the exclusion is ambiguous because the exclusion and the exception to the exclusion contain the same language, i.e., "furnished or available for the regular use of a family member." The exclusion and the exception to the exclusion when read together do not conflict and the exclusion is not ambiguous. The exclusion excludes from coverage any vehicle not listed on the policy and which is owned by a family member or which is furnished or available for the regular use of any family member. (Emphasis added). Therefore, this provision also excludes from coverage vehicles owned by George Pelletier that are not listed on the policy. The exception to the exclusion applies to George Pelletier's maintenance or use of specific unlisted motor vehicles, i.e., any motor vehicle owned by a family member, or any motor vehicle not owned by George Pelletier that is furnished or available for the regular use of a family member. Even if George Pelletier had been driving the Cutlass at the time of the accident, the exception to the exclusion would not provide coverage since George owned the unlisted Cutlass.
Based on the foregoing analysis and stipulation of facts, the 1972 Oldsmobile Cutlass is not a covered vehicle under the Hartford policy. Accordingly, declaratory judgment is granted in favor of the defendants on this issue.
O'Connor, J.