[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, owners of condominium units in Georgetowne North Condominium, Ltd., instituted the instant action against the defendant, Chicago Title Insurance Co. ("Chicago Title"), to recover damages based on Chicago Title's alleged breach of its contractual duty to defend the plaintiffs. Presently before the court is defendant's motion to strike counts one through four of the complaint.
Plaintiffs in the present action are as follows: Marion B. Bertrand, Marie L. Booth, Morton and Audrey G. Flamberg, Shelly Freund, George and Mary Patricia Janco, Robert Krause (executor), Olof D. and Elicabeth Lindstedt, Laura I, Pitassi, and Margaret Turner. Each of the above listed plaintiffs owns a condominium unit, and an undivided interest in the common areas and facilities appurtenant thereto, in the Georgetowne North Condominium Complex located at Georgetowne North, Greenwich, Connecticut. At various times prior to March, 1986, each of the owners obtained from the defendant insurance coverage against loss or damage as a result of any claims, defects, etc. in the title. (See Complaint dated December 5, 1990 at par. 14, Exhibit A).
On or about March, 1986, Mr. James Bria brought an action against the Georgetowne North Owners, Inc. ("Georgetowne North"), the condominium association of which each plaintiff is a member as a unit owner. Mr. Bria's action sought title through adverse possession to a portion of the common elements of the Georgetowne North Condominium Complex. Thereafter, Georgetowne North notified Chicago Title of the adverse possession action against it, and requested that Chicago Title assume defense of the litigation. Chicago Title, however, refused to defend the action, claiming that the action brought by Mr. Bria was outside the scope of the plaintiffs' policies.
Based on Chicago Title's refusal to defend, Georgetowne North was forced to retain counsel at its own expense and further incurred court costs. In addition, plaintiffs paid Mr. Bria $2,500 to settle the matter. CT Page 6853
By complaint dated December 5, 1990, the plaintiffs instituted the present four count action against the defendant alleging: Breach of Contract; Breach of Duty of Good Faith and Fair Dealing: Violation of Connecticut Unfair Insurance Practices Act ("CUIPA"); and Violation of Connecticut Unfair Trade Practices Act ("CUTPA"). On March 25, 1991, defendant filed a motion to strike all four counts of the complaint on the grounds that Chicago Title was not under any contractual duty to defend the plaintiffs.
On June 4, 1991 plaintiffs filed a memorandum in opposition to the motion to strike. On June 24, 1991 and July 1, 1991 the plaintiffs and defendant, respectively, filed reply briefs.
Defendant argues that it was under no duty to defend the plaintiffs in the adverse possession action because that action was brought against the Georgetowne North Owners, Inc. and not each of the plaintiffs individually. Defendant contends that the policy coverage extends only to each individual and not to the Georgetowne North Corporation as a whole.
An insurance policy is to be "interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 583
(1990); see also Izzo v. Colonial Penn Ins. Co., 203 Conn. 305,309 (1987). The determinative question is the intent of the parties, that is, what coverage the plaintiff expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. Id., quoting Marcolini v. Allstate Ins. Co., 160 Conn. 280, 283 (1971).
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142 (1989); Conn. Practice Book 152. In ruling on a motion to strike, the court must construe the facts alleged most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278
(1988). Upon reviewing the language of the parties' title insurance agreement, it is the opinion of the court that the agreement is unclear concerning the question of Chicago Title's duty to represent the condominium corporate entity. As the intent of the parties cannot be discerned from the language of the agreement, additional evidence must therefore be presented. Accordingly, based upon the pleadings presently before the court, the motion to strike is denied.
JOHN J. P. RYAN, JUDGE CT Page 6854