[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE PARTY COMPLAINT
The plaintiff instituted the present action against the defendant and third party plaintiff ("Kramer") asserting that Kramer, in a prior civil action, asserted defenses and interposed a counterclaim, without probable cause, and with malicious intent to unjustly vex and trouble the plaintiff. Plaintiff further alleges that a judgment was entered in its favor and that it incurred and expended large sums of money to rebut the defenses and to defend the counterclaim and that the plaintiff was "injured" thereby. Kramer then filed a third-party complaint against the third-party defendant, Allstate Insurance Company ("Allstate") asserting that at all material times Kramer was covered by two separate policies of insurance which obligate Allstate to defend the action brought by the plaintiff and to pay any judgment rendered therein. Allstate has filed a Motion to Strike the amended third-party complaint (in which the claims are set forth in one count) inadequate notice under the policies and asserting that the claims do not come within the coverage of the policies.
The motion to strike raises, in part, certain issues, such as the adequacy of notice, which are not self-evident from the pleadings and therefore not appropriate for determination on a CT Page 4656 motion to strike. As to the coverage issues, the defendant claims that the allegations of the complaint do not allege "bodily injury" or "property damage" as defined in the policies of insurance. However, the umbrella policy issued by Allstate defines "personal injury", in part, as follows:
 "personal injury means. . .(b) false arrest; false imprisonment; wrongful detention; wrongful entry; invasion of rights of occupancy; or malicious prosecution;"
The defendant points to the differences between claims for malicious prosecution and claims for vexatious litigation and asserts that no coverage exists under the policy of insurance because the plaintiff does not assert a claim for malicious prosecution.
"A vexatious suit is a type of malicious prosecution action, differing principally in that, it is based on a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint. To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor." Vandersluis v. Weil, 176 Conn. 353,456 (1978).
The interpretation of a policy of insurance involves a determination of the intent of the parties as expressed in the language of the policy. Aetna Life Casualty Co., v. Bulanong,218 Conn. 51, 60 (1991). Where the terms of the policy are of a doubtful meaning, the construction most favorable the insured will be adopted. Beach v. Middlesex Assurance Co., 205 Conn. 246, 250
(1987). Similarly, where the terms of a policy of insurance are equally susceptible different meanings, the meaning favoring the insured will be applied. Griswold v. Union labor Life Insurance Co., 186 Conn. 507, 513 (1982). However, where the terms of a policy are clear and unambiguous, the language must be accorded its natural and ordinary meaning. Ryiz v. Federal Insurance Co.,5 Conn. App. 179, 183 (1985); Griswald v. Union Life Insurance Co., supra, at 512-513. "The ultimate question of intent in this case involves the determination of what coverage the insured expected to receive and what coverage the insurer expected to provide as disclosed by the language of the policy." Aetna Casualty Life v. Bulanong, supra at 60. In such a determination, the policy holder's expectations should be protected as long as they are objectively reasonable from the layman's point of view. Cody v. Remmington Electric Shavers, 179 Conn. 494, 497 (1980); Carley v. Lumbermen's Mutual Casualty Co., 10 Conn. App. 135, 143 (1987.
While the distinction between malicious prosecution and vexatious litigation may be readily apparent to an attorney, the CT Page 4657 court cannot conclude that the distinction is equally apparent to a layman.
Accordingly, the Motion to Strike is denied.
RUSH, J.