PLUG–IN STORAGE SYSTEMS, Plaintiff,

v.

HOMESTEAD INSURANCE CO., Defendant.

No. 3:98CV388(WWE).

United States District Court, D. Connecticut.

Nov. 9, 1999.

Bernard A. Pellegrino, Pelligrino, Law Firm, New Haven, CT, for Plaintiff.

Charles A. Deluca, Ryan, Ryan, Johnson, McCaghey & Deluca, Stamford, CT, for Defendant.

## RULING ON PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF

EGINTON, Senior District Judge.

This lawsuit arises out of defendant Homestead Insurance Company's ("Homestead") demand to arbitrate its claim for payment of litigation fees. Plaintiff Plug–In Storage Systems, Inc. ("Plug–In") requests a declaratory judgment that the claims raised in Homestead's Demand for Arbitration are barred by the statute of limitations on tort claims pursuant to Section 52–577 of the Connecticut General Statutes.

For the following reasons, Plug–In's request for declaratory judgment is denied, and the parties are ordered to continue arbitration of the claims.

### BACKGROUND

In April, 1991, Plug–In applied to Homestead for two patent infringement abatement insurance policies. The application for the insurance policies signed by the plaintiff stated in relevant parts:

2. After the exercise of due diligence, the applicant is not aware of any current infringing act, nor has he any awareness of any suspected or anticipated infringements of any of the patents that are the subject of this application except as disclosed herein.

5. The answers to questions in this Schedule A are true, accurate and complete to the best of the applicant's knowledge and belief. Applicant acknowledges and understands that any Patent Policy issued is issued in reliance on the information and statements contained herein, and that any material misrepresentation or inaccurate statement may result in voiding of coverage or recession of the Policy.

In June, 1991, Homestead issued two patent infringement insurance policies to Plug–In. Plug–In executed an acceptance form that stated:

By execution of this Acceptance Form the proposed insured affirms that all statements made in the application for insurance are true and correct as of this date.

Under these policies, Homestead agreed to indemnify Plug–In for litigation, attorneys' fees, costs and expenses incurred to enforce any intellectual property infringement

In November, 1991, Plug–In submitted claims for coverage to Homestead under the policies for alleged infringements on its patents by a competitor, Newton Instrument Company ("Newton"). In February, 1992, Plug–In instituted an infringement action against Newton.

Homestead agreed to authorize payment of Plug–In's litigation expenses pursuant to its obligations under the policies. However, Homestead later notified Plug–In by letter that it had knowledge of an alleged fraud of misrepresentation by Plug–In concerning Plug–In's prior knowledge of the patent infringement by Newton at the time the Homestead policy was issued.

Thereafter, Homestead filed a Demand for Arbitration against Plug–In claiming that it was entitled to repayment of the litigation fees and costs paid on behalf of Plug–In pursuant to the policies. Specifically, Homestead claimed that Plug–In's misrepresentations rendered the policy contracts void.

## DISCUSSION

Plaintiff Plug-in asserts that Homestead's claim is barred by the three year statute of limitations on tort claims pursuant to Section 52-577 of the Connecticut General Statutes. Specifically, Plug–In argues that Homestead's claims are based on the torts of fraud or negligence. Defendant Homestead counters that its claims against Plug–In require a determination of the parties respective duties and obligations under the contracts of insurance and are therefore governed by the six year statute of limitations pursuant to Section 52–576.

Under Connecticut law, the terms of an insurance policy are to be construed according to the general rules of contract construction. *Hertz Corp. v. Federal Insurance Co.*, 245 Conn. 374, 381, 713 A.2d 820 (1998). The determinative question is the intent of the parties, that is, what coverage the plaintiff expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy. *Marcolini v. Allstate Insurance Co.*, 160 Conn. 280, 283, 278 A.2d 796 (1971).

The instant case concerns the plaintiff's compliance with terms of contracting for insurance coverage. Accordingly, contract law governs this action, and the defendant is not precluded from demanding arbitration by the statute of limitations for tort.

## CONCLUSION

For the foregoing reasons, the plaintiff's request for declaratory relief [doc. # 10] is DENIED. The defendant's motion to continue arbitration [doc. # 11] is GRANTED. The clerk of the court is instructed to enter judgment in favor of the defendant and to close this case.