LISA REESE *v.* FIRST CONNECTICUT SMALL BUSINESS INVESTMENT COMPANY

COTTER, C. J., BOGDANSKI, PETERS, PARSKEY and SHEA, Js.

Submitted on the briefs October 10—decision released November 11, 1980

*Monte Radler,* on the brief, for the appellant (defendant).

*Stewart I. Edelstein,* on the brief, for the appellee (plaintiff).

PER CURIAM. The plaintiff, a real estate broker, brought this action seeking, inter alia, a commission in connection with a two-year lease agreement entered into by the defendant. In a counterclaim,

the defendant alleged that the plaintiff employed unfair business practices and restrained real estate trade. The trial court awarded the plaintiff $900 as damages for an unpaid commission owed to the plaintiff and also rendered judgment for the plaintiff on the counterclaim. On appeal, the defendant claims that the court erred both in its award to the plaintiff and in its decision on the counterclaim.

The defendant's contention that the award of damages to the plaintiff was erroneous because the listing agreement between the parties was ambiguous is unpersuasive. The agreement plainly provided that "[i]n the event the above-described property is leased, the rental commission shall be 10%." It further provided that "[t]his contract shall remain in effect until April 8, 1975." In November, 1974, the defendant negotiated a two-year lease effective January, 1975. The defendant paid the equivalent of 10 percent of the first year rental but refused to pay a commission for the second year, arguing that a fair reading of the agreement obligated it to pay a commission only on the rent due for the first year. This argument fails when measured against the language of the contract excerpted above. "The question is not what intention existed in the minds of the parties but what intention is expressed in the language used. . . ." *White Oak Corporation* v. *State,* 170 Conn. 434, 439, 365 A.2d 1162 (1976). Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. See *Griffith* v. *Security Ins. Co.,* 167 Conn. 450, 453–54, 356 A.2d 94 (1975). We find the contract unambiguous. It distinctly called for a 10 percent rental commission. No provision limited the relevant time frame to one year.

The lease was entered into before the listing agreement had expired. Consequently, the court correctly rendered judgment for the plaintiff.

On the counterclaim, the defendant claims that it should prevail because the plaintiff, by failing to deny the allegations of the counterclaim, admitted those allegations under the rule expressed in Practice Book, 1978, § 129. The plaintiff never filed a pleading responsive to the counterclaim. A motion for default for failure to plead filed by the defendant was denied on October 20, 1978. The record discloses no further motions for default and no other motions seeking judgment.

At this point the nature of the defendant's claim on appeal ought to be placed in proper perspective. The defendant does not contend that the court erred by rendering judgment for the plaintiff either because the counterclaim was out of the case or because no pleading responsive to the counterclaim was ever filed. It is not the defendant's position that a new trial is required because he never had an opportunity to present his case regarding either liability or damages.[1] After trial, the court found, as to the counterclaim, no credible evidence upon which any award or relief could be afforded on the counterclaim. Neither this conclusion nor the court's ruling on the motion for default for failure to plead is made a ground of appeal. The sole claim regarding the counterclaim is that the defendant was entitled to judgment because the plaintiff's

---

[1] In fact, some evidence relevant to the counterclaim was presented, although the defendant characterized it as bearing on his special defense that the listing agreement was unenforceable because it was contrary to public policy.

failure to file an answer to the counterclaim constituted an implied admission of the entire counterclaim.

Even if we assume that the failure to file a responsive pleading resulted in all of the factual allegations of the counterclaim being admitted, it does not follow that the defendant is entitled to the relief sought. An opponent's admission merely relieves a party of the burden of proving by a preponderance of the evidence the factual allegations admitted. *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 199, 286 A.2d 308 (1971). The defendant still had to prove that he was entitled to the relief sought. *United National Indemnity Co.* v. *Zullo,* 143 Conn. 124, 130, 120 A.2d 73 (1956). In his brief, the defendant does not claim that this has been done nor does he argue that he was precluded from making the required showing on the question of damages. The trial court found, and the defendant does not contest, that there was no credible evidence upon which relief could be granted as to the counterclaim.

Further, if we assume that the admission of the factual allegations of the counterclaim constituted a judicial admission of liability, thus establishing that a technical legal injury occurred and that the defendant was entitled to at least nominal damages, we still need not reverse the trial court. Where a party fails to prove any actual damage, rendering judgment for the opposing party will not result in reversible error so long as substantial justice has been done. *Keller* v. *Carone,* 138 Conn. 405, 407, 85 A.2d 489 (1951).

There is no error.