WILLIAM Z. NESIN *v.* NEW ENGLAND MACHINERY, INC.
(3880)

SPALLONE, DALY and BIELUCH, Js.

Argued October 11—decision released December 3, 1985

*Pasquale Young,* for the appellant (plaintiff).

*John W. Barnett,* for the appellee (defendant).

SPALLONE, J. This is the plaintiff's appeal from the judgment rendered for the defendant after a trial to

the court. The plaintiff's underlying action was based upon the defendant's alleged breach of a written agreement between the parties.

The plaintiff's claims of error challenge the trial court's interpretation of the agreement between the parties. Specifically, the plaintiff claims as error the trial court's conclusions (1) that the contract between the parties did not require the defendant to retain the plaintiff as a consultant for a ten year period, (2) that the plaintiff's consulting obligations and the defendant's salary obligations were dependent upon the request of the defendant, and (3) that the contract was binding on the defendant for a ten year term with respect to the furnishing of the automobile and its related expenses but was not binding on the defendant with respect to the ten year consulting term.

As claims (1) and (2) are related, they will be considered together. The relevant facts are as follows: In January, 1983, the plaintiff was a stockholder, an employee and the treasurer of the defendant corporation. At that time, he entered into a written contract with the defendant which provided in part that the plaintiff "shall resign from his employment with NEW ENGLAND MACHINERY, INC. and resign as treasurer of said corporation. In consideration of same, the said WILLIAM Z. NESIN shall remain as a consultant to NEW ENGLAND MACHINERY, INC., and provide personal services to the said corporation upon request by said corporation during the period of this agreement; i.e., January 1, 1983 through December 31, 1992. The said WILLIAM Z. NESIN shall also receive from the corporation TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS per year as salary for his consulting services. It is further agreed that the said WILLIAM Z. NESIN shall only provide twelve (12)

weeks of consulting services to NEW ENGLAND MACHINERY, INC. per year during the term of this agreement."

The agreement provided further that during the term of the agreement, "the said WILLIAM Z. NESIN shall receive a new automobile from NEW ENGLAND MACHINERY, INC. every two (2) years commencing June 1, 1983. In addition to said new automobile, NEW ENGLAND MACHINERY, INC. shall pay for maintenance and expenses, including gasoline, in connection with said automobile."

Pursuant to the terms of the agreement, the plaintiff resigned from the corporation. He provided consulting services for the defendant in 1983 and was paid for such services in accordance with the schedule provided in the contract. The defendant provided the plaintiff with a new car as required by the agreement.

Subsequently, the parties had a falling out. As a result, the defendant refused to utilize the consulting services of the plaintiff, and the plaintiff brought two lawsuits against the defendant. In the first suit, the plaintiff sought $3086.61 for the expenses of maintaining the automobile provided to him by the defendant. In the second suit, the plaintiff claimed that the defendant violated the terms of the parties' agreement by terminating his consulting services at the end of 1983 despite the fact that the agreement was to continue until December 31, 1992.

Both cases were consolidated and tried together. After a full trial, the court rendered judgment in both cases. It found for the plaintiff in the suit seeking expenses for the maintenance and operation of the motor vehicle, and for the defendant in the breach of employment contract action. The plaintiff has appealed only from the judgment in the latter action.

In its memorandum of decision, the trial court found that the agreement between the parties provided expressly that the plaintiff would furnish consulting services to the defendant upon the request of the defendant and that, if such a request were made, the defendant would pay the plaintiff the agreed upon compensation. Consequently, the court found that the plaintiff's consulting services and the defendant's salary obligations became operative only upon the request of the defendant. The court stated that "[n]owhere in the agreement is it suggested that the defendant must compensate the plaintiff for consulting services . . . irrespective of whether or not such services are ever requested."

We cannot say that this construction by the trial court is clearly erroneous. When construing a contract "[a] court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Downs* v. *National Casualty Co.,* 146 Conn. 490, 494–95, 152 A.2d 316 (1959); *Reese* v. *First Connecticut Small Business Investment Co.,* 182 Conn. 326, 327, 438 A.2d 99 (1980); *Burkle* v. *Car & Truck Leasing Co.,* 1 Conn. App. 54, 57, 467 A.2d 1255 (1983). In the absence of a special meaning, the words used must be taken in their ordinary and popular sense. *Lake Garda Improvement Assn.* v. *Battistoni,* 160 Conn. 503, 512, 280 A.2d 877 (1971). These principles, when applied to the agreement between the parties in the present case, strongly support the conclusion of the trial court that the plaintiff is required to perform only when requested to do so by the defendant, and that the defendant is under no obligation to pay a salary to the plaintiff until such a request is made and the defendant provides the requested services.

The plaintiff's remaining claim, that the court's conclusions are inconsistent, is without merit. The court found that there was a contract between the parties, one aspect of which required the performance of consulting services upon request and another which required that the defendant provide and maintain an automobile for the plaintiff's use during the term of the contract. The trial court's conclusions, under the circumstances in this case, are reasonable, consistent and fully supported by a logical application of the law.

There is no error.

In this opinion the other judges concurred.