[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (No. 109)
A. FACTS:
The plaintiff, Kapson Management Corporation, entered into a sales contract (herein the "Contract") with the defendant, Warm Springs Mortgage Co., whereby the defendant agreed to sell to the plaintiff property located in Berlin, Connecticut. The plaintiff gave the defendant $50,000. for deposit, said deposit to be held in escrow until the time of the sale. The plaintiff alleges that the Contract permitted the plaintiff to cancel the Contract if the plaintiff was dissatisfied with an environmental inspection of the property, among other things. The plaintiff further alleges that the Contract also contained a paragraph prohibiting oral modifications of the Contract.
B. DISCUSSION:
"Summary judgment shall be rendered forthwith if the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any CT Page 4405-G genuine issue of material fact." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. UnitedTechnologies Corp., supra 233 Conn. 744.
The plaintiff relies on the explicit language of the sales Contract for the proposition that it had the unilateral right to cancel the Contract if it was personally dissatisfied with the results of the physical inspection.
Paragraph 4 of the Contract states:
4. PHYSICAL INSPECTION.
 (a) Seller hereby grants Purchaser the right to enter the Subject Premises together with persons and materials, at any time after the execution hereof for the following purposes;
 (i) to make a physical inspection of the Subject Premises, including subsurface tests; environmental tests on the Subject Premises; ground water and air, soil test borings, . . .
 (ii) . . . Purchaser shall have right to cancel for 45 days based on these items if unsatisfactory to Purchaser and receive a return of deposit. (Emphasis added).
As a result of this Contract language, the plaintiff alleges it exercised its right to cancel the Contract when the results of an environmental study were unsatisfactory. Lastly, the plaintiff relies on paragraph 10(d) of the Contract, which explicitly stated the contract may not be orally changed,[1] for the proposition that the defendant's allegation that the contract was orally modified is barred by the parol evidence rule.
The defendant alleges that although the plaintiff has the right to cancel the contract, the deposit is not returnable until the plaintiff furnishes the defendant with a copy of the unsatisfactory environmental study. The affidavit of Arthur Waldmann, principal of the defendant, states the contract was orally modified by himself and Evan A. Kaplan, a principal of the plaintiff's corporation and signer of the contract. The affidavit states that "if an environmental inspection was not satisfactory, all deposits would be returned upon delivery of the report to me [Arthur Waldmann]." Lastly, the defendant CT Page 4405-H alleges it has not been provided with a copy of the unsatisfactory environmental report.
In Levine v. Massey, 232 Conn. 272, 654 A.2d 737
(1995), the court addressed the same general issues with the following language:
 It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties. Id.; Barnard v. Barnard, 214 Conn. 99, 110, 570 A.2d 690
(1990); Powel v. Burke, 178 Conn. 384, 387, 423 A.2d 97 (1979). When the intention conveyed by the terms of an agreement is "clear and unambiguous, there is no room for construction." Gino's Pizza of East Hartford, Inc. v. Kaplan, 193 Conn. 135, 138, 475 A.2d 305 (1984). "[A] court cannot import into [an] agreement a different provision nor can the construction of the agreement be changed to vary the express limitations of its terms." Hatcho Corp. v. Della Pietra, 195 Conn. 18, 21, 485 A.2d 1285 (1985); see also Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 159, 595 A.2d 872
(1991) ("`[i]t is not within the power of courts to create new and different agreements'"); Jay Realty, Inc. v. Ahearn Development Corp., 189 Conn. 52, 55, 453 A.2d 771 (1983) (same); Cirrito v. Turner Construction Co., 189 Conn. 701, 706-707, 458 A.2d 678 (1983) ("[i]n interpreting a contract courts cannot add new or different terms"); Powel v. Burke, supra, 388.
 "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity. Downs v. National Casualty Co., 146 Conn. 490, 494, 152 A.2d 316 [1959]. The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used. Connecticut Co. v. Division 425, 147 Conn. 608, 616-17, 164 A.2d 413 [1960] . . . . It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties." (Citations omitted.) Zullo v. Smith, 179 Conn. 596, 601, 427 A.2d 409 (1980); see Sturman v. Socha, 191 Conn. 1, CT Page 4405-I 12, 463 A.2d 527 (1983). "Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." Reese v. First Connecticut Small Business Investment Co., 182 Conn. 326, 327, 438 A.2d 99 (1980).
Levine v. Massey, 232 Conn. 578-79.
Through the affidavit of Wayne L. Kaplan, the plaintiff has established that it had the right to terminate the contract if it was personally unsatisfied with the property inspection. The contract is devoid of any language requiring the plaintiff to provide the defendant with a copy of the environmental study. The language of paragraphs 4(a) and 10(d) of the contract is clear and unambiguous. The intent of paragraph 10(d) was to prevent any oral changes to the contract, which is exactly what the defendant is attempting to do. Therefore, it is determined that the plaintiff has demonstrated that no question of material fact exists as to plaintiff's right to cancel the contract under paragraph 4(a), and the evidence of oral modification is excluded by paragraph 10(d) and the parol evidence rule.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the plaintiff's motion for summary judgment, ought to be and is hereby granted.
It is so ordered,
SALVATORE F. ARENA JUDGE, SUPERIOR COURT