[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT GREENWICH HOSPITAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LOST PROFITS
This case arises from the construction of facilities at Greenwich Hospital in Greenwich, Connecticut. Morganti National, Inc. ("Morganti") is a major construction company which on February 26, 1996 entered into a contract for the construction of the Greenwich Hospital project. The contract provided for the project's progression in three phases, Phase B, Phase C and Phase D. The contract was in the total amount of $74,850,000. Phase B entailed a new 256,000 square foot hospital with a 67,500 square foot sub-grade parking garage. Phase C entailed renovations of an existing south building, and Phase D entailed a demolition of the existing main building and the construction of the link between the new hospital building and the renovated south building. The contract allocated the cost of the phases as follows: Phase B: $57,188,150; Phase C: $9,526,192; and Phase D: $8,136,568. The contract between the parties contains in Schedule 4.1 the following provision:
 Notwithstanding anything to the contrary in the contract documents, in the event owner elects, for any reason, not to issue its notice to proceed with respect to either both Phases C and D, the contract sum payable to contractors shall be reduced by the amounts allocated above to the affected phase, and owners shall not be liable to contractor for damages of any kind, with respect to its decision not to issue such notice to proceed, including without limitation, loss of anticipated profits on work contemplated for such affected phase, demolition charges, cancellation charges or other termination which may be incurred in connection herewith.
The plaintiff Morganti's second revised complaint, first count, paragraphs 14 through 16, sets forth claims with respect to the failure to award Phases C and D to Morganti. The court construes the hospital's motion for summary judgment on "lost profits" as a motion for judgment on the claims for damages related to the failure to award Phase C and D.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, CT Page 13468-fx entitle him to judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted). Appleton v. Board of Education, 254 Conn. 205, 209 (2000). "A material fact is a fact that will make a difference in the result of a case. . . . The facts at issue are those alleged in the pleadings. . . ." (Citation omitted; internal quotation marks omitted). MountaindaleCondominium Assn v. Zappone, 59 Conn. App. 311, 315 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
If a contract's language is clear and unambiguous, the interpretation of a contract is a question of law for the court. Connecticut NationalBank v. Douglas, 221 Conn. 530, 545 (1992); Thompson Peck, Inc. v.Harbor Marine Contracting Corp., 203 Conn. 123, 130 (1987). "It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the Court may believe existed in the minds of the parties." (Citations omitted.) Levine v.Massey, 232 Conn. 272, 278. Ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. Reese v. First Conn. Small Bus. Inv. Co.,182 Conn. 326-27 (1980).
The contract Schedule 4.1 clearly and unambiguously gives the hospital the discretion not to proceed with Phases C and D "for any reason. " Further, it clearly and unambiguously indicates that the hospital would not be liable for "any damages" if it exercised such discretion not to proceed with Phases C and D. Morganti argues that they were misled and that the hospital surreptitiously chose to proceed with another contractor. Morganti asks the court to read into Schedule 4.1 a limitation to this scenario, whereby the language of the 4.1 provision applies only in the event that the hospital abandons any work beyond Schedule B. Morganti's position would of course allow its claim for lost profit damages when the hospital pursues the project (a substantial revision of the work originally described as Phases C and D) with a different contractor. "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." Zullo v.Smith, 179 Conn. 596, 601 (1980). "It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties." Farmers Mechanic Savings Bank v. First FederalSavings Loan Assn., 167 Conn. 294, 302 (1974). CT Page 13468-fy
The defendant hospital's motion for summary judgment is granted as to Morganti's claims for damages resulting from the failure to award Phases C and D of the contract.
ROBERT F. McWEENY, J.